**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

August 11, 2016

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square, Room 518
New York, NY 10007

**Re:    *United States v. Ahmed El Gammal*, 15 Cr. 588 (ER)**

Hon. Judge Ramos:

  On July 22, 2016, the government advised Mr. El Gammal of their *ex parte* submission to the Court pursuant to Section 4 of the Classified Information Procedures Act. Exhibit A. I write to explain why cleared defense counsel, and only cleared defense counsel, should be afforded access to the government's Classified Information Procedures Act ("CIPA") motion and accompanying documents (the "Material"). The Material was previously provided to the Court on an *ex parte* basis.

  Prior cases recognize the difference between cleared counsel and un-cleared counsel. And, they should. Cleared defense counsel has passed the same background checks and security vetting as the prosecution, the Court, and its law clerks, and for the same reason – so that each of us (the prosecution, the defense, and the Court) may review sensitive classified information without risking national security.

  In *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93 (2d Cir. 2008), the Second Circuit held that allowing defense counsel who "obtain[ed] a security clearance" access to alleged national security material "is consistent with CIPA's imposition on the district courts of a mandatory duty to prevent the unauthorized disclosure of classified information." *Id.* at 122. Because "the terms of the protective order entered by the District Court gave [defendant] El-Hage's [cleared] counsel access to all classified materials relevant to El-Hage's defense" (*id.* at 127),[1] and

---

[1] The Protective Order provided, in relevant part: "'No defendant, counsel for a defendant, employee of a counsel for a defendant, defense witness, or Courtroom personnel . . . shall have access to any classified information involved in this case unless that person shall first have . . . received the necessary security clearance'" pursuant to the regulations set forth by the DOJ." *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 118 (2d Cir. 2008).

Hon. Edgardo Ramos  August 11, 2016
United States District Court  Page 2

Re: <u>United States v. El Gammal</u>
15 Cr. 588 (ER)

those attorneys attended all CIPA proceedings and participated on his behalf (*id.* at 130), the Second Circuit found El Hage's due process rights properly protected and the trial court's proceedings secure from constitutional challenge. *Id.* at 118-130.

Likewise, in *United States v. Al Fawwaz*, S7 98-cr-1023 (LAK), 2014 U.S. Dist. LEXIS 173550, (S.D.N.Y. December 8, 2014), the Honorable Lewis A. Kaplan accommodated CIPA by entering a protective order that "grant[ed] defense counsel who have received security clearance access to all discoverable materials, including information that is classified." *Id.* at *3-4. Judge Kaplan reasoned that allowing such access properly balanced the "inherent conflict between the protection of information vital to national security and the disclosure to the defense of evidence that might otherwise be discoverable." *Id.* at *2-3.

Circuits and Districts outside New York also recognize that allowing cleared defense counsel full access to purportedly classified material properly balances national security and the defendant's right to a fair trial. Thus, in *United States v. Abu Ali*, 528 F.3d 210, (4th Cir. 2008), the Fourth Circuit held that the District Court properly exercised its discretion and "struck an appropriate balance between the government's national security interests and the defendant's right[s]" in allowing cleared defense counsel to (i) review the purported classified material; (ii) participate in "hearings that determine what classified material is material and whether substitutions crafted by the government suffice to provide the defendant adequate means of presenting a defense and obtaining a fair trial;" and (iii) be "afforded unfettered opportunity to cross-examine the government's witnesses concerning these matters." *Id.* at 254. *See also United States v. Brown*, No. 5:14-CR-58-FL, 2014 U.S. Dist. LEXIS 54143, *12 (E.D.N.C. April 18, 2014) (stating that "where defense attorneys in a case have been granted the security clearances necessary to view the classified materials at issue, and a court has a detailed protective order prohibiting unlawful disclosures, while neither of these factors *per se* entitles defense counsel to view classified materials, they may weigh in favor of more complete disclosure of information").

The government proffers no real reason why the same balance struck in the cases cited above – which gives cleared defense counsel access to all classified material, and a role in determining what information is "helpful and material to the defense"[2] and in shaping any

---

[2] If the classified information at issue is "helpful or material" to the defense, meaning it would be "useful to counter the government's case or bolster a defense," CIPA "must give way" and the information must be provided to defense counsel. *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008); *see also* CIPA, 18 U.S.C. App. 3 § 4; S. Rep. No. 96-823, at 9 (1980) ("defendant should not stand in a worse position, because of the fact that classified information is involved, than he would without [CIPA]"). To be helpful or material to the defense, evidence need not rise to the level that would trigger the government's disclosure obligations under *Brady v. Maryland*. *Aref*, 533 F.3d at 80. "Information can be helpful without being 'favorable' in the *Brady* sense." *Id.*

Hon. Edgardo Ramos　　　　　　　　　　　　　　　　　　　　　　　　　　August 11, 2016
United States District Court　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

Re: <u>United States v. El Gammal</u>
15 Cr. 588 (ER)


summaries or redactions of classified material – should not be applied here.  Cases that have held otherwise are readily distinguishable.[3]  CIPA is a flexible act that vests the Court with "wide latitude to deal with thorny problems of national security in the context of criminal proceedings." *Abu Ali*, 528 F.3d at 247; *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d at 122 ("Like Rule 16, however, CIPA leaves the precise conditions under which the defense may obtain access to discoverable information to the informed discretion of the district court"); *Al Fawwaz*, 2014 U.S. Dist. LEXIS 173550, at *3 (same).

　　　　CIPA allows for *ex parte* proceedings (18 U.S.C. App. 3 § 4), but they remain disfavored.[4]  Nor does CIPA place any new "limits on discovery" of classified information.  *See, e.g., United States v. Walizazi*, 10-CR-60 (JG), 2011 U.S. Dist. LEXIS 67859, *4 (E.D.N.Y. June 24, 2011).  Indeed, if the classified information at issue is "helpful or material" to the defense, it must be provided, in some fashion, to the defense. S*ee United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008); CIPA, 18 U.S.C. App. 3 § 4; S. Rep. No. 96-823, at 9 (1980) ("defendant should not stand in a worse position, because of the fact that classified information is involved, than he would without [CIPA]").  Accordingly, it is the government that bears the burden of making a "particular showing" of the necessity of proceeding *ex parte* and that the Material should be withheld, in whole or in part, from defendants and/or defendants' cleared counsel.  *See, e.g., Brown*, 2014 U.S. Dist. LEXIS 54143, at *13-14.  The government cannot meet its burden here.

　　　　The government in its Protective Order states that the Material being sought is neither discoverable under *Brady* and is not "helpful to the defense." Exhibit A. How can government, whose sole purpose and function is to convict and incarcerate the defendant, be the arbiter of what

---

[3] *See United States v. Mostafa*, 992 F. Supp. 2d 335 (S.D.N.Y. 2014) and *United States v. Zazi*, No. 10 Cr. 60 (JG), 2011 U.S. Dist. LEXIS 76660 (E.D.N.Y. July 15, 2011).  Both these cases are readily distinguishable because they are both terrorism cases involving defendants, such as the notorious Abu Hamza, who would not hesitate to use any classified information they obtained to harm the United States.  This case, by contrast, is not a terrorism matter, and the defendants here are not "at war" with the United States.

[4] *See* Rule 16, Fed.R.Crim.P., Advisory Committee Notes (House Judiciary Committee specifically instructing courts that "*ex parte* proceedings are disfavored and not to be encouraged").  *See also generally United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 55 (1993) ("Fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights . . . .  No better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it."); *United States v. Abuhamra*, 389 F.3d 309, 321 ("Particularly where liberty is at stake, due process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to correct or contradict arguments or evidence offered by the other."); *Guenther v. Commissioner of Internal Revenue Service*, 889 F.2d 882, 884 (9th Cir. 1989) (observing that, by their very nature, secret and one-sided *ex parte* proceedings are "anathema in our system of justice"), *appeal after remand*, 939 F.2d 758 (9th Cir. 1991); *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 683 (6th Cir. 2002) (cautioning that "[d]emocracies die behind closed doors.").

Hon. Edgardo Ramos  August 11, 2016
United States District Court  Page 4

Re: <u>United States v. El Gammal</u>
15 Cr. 588 (ER)

is and is not helpful to the defense at trial? The government routinely states that it would never indict the innocent, and yet, they would be the very individuals being asked to consider the defendant as innocent. Only then can they say that the information being sought is not such that could be used to prepare, assist or bolster Mr. Gammal's theory of defense. It is absurd that the very individuals who are preparing a prosecution are those who would determine what is, or is not, needed to prepare a defense case.

At the very least, the government should be required to provide the defendant with summaries of the information it seeks to keep classified, especially if the concern is that production of the Material somehow could disclose secret investigative techniques. Allowing defense counsel controlled access to the Material will not result in the unauthorized disclosure of any such classified information.[5]

By contrast, Mr. Gammal will be prejudiced if his cleared defense counsel is prevented from reviewing and assisting the Court in evaluating the subject Material, and providing necessary input on behalf of their clients:

> Defendants and their counsel are in the best position to know whether information would be helpful to their defense, and courts have recognized that defendants are thus disadvantaged by not being permitted to see the information sought to be withheld from discovery and assist the court in assessing its helpfulness. . . . Because a court is not fully aware of the factual nuances of the case, it cannot on its own surmise, for example, whether the date of a particular communication would be helpful to the defense, or whether the number of times a certain topic was raised in conversation, or the specific wording used to express an idea, might support a defendant's theory of the case. . . . Even though CIPA allows *§ 4* proceedings to be held *ex parte*, and courts have upheld the *ex parte* nature of these proceedings, the court's decision-making regarding the "relevant and helpful" nature of certain classified materials may be enhanced if cleared defense counsel are involved in some adversary proceeding with the government.

*Brown*, 2014 U.S. Dist. Lexis 54143, at *11-14.

The *Brown* Court's reasoning is unimpeachable. By its very nature, the Court is no substitute for defense counsel, and that is even more the case here where the discovery is beyond

---

[5] If the Court believed it necessary, defense counsel also could be bound by specific confidentiality orders or permitted to review the Material in a SCIF or *in camera* basis, to further protect any supposed national security concerns, without impairing defendant's due process and adversarial rights.

voluminous.  *See, e.g., Dennis v. United States*, 384 U.S. 855, 875 (1966) ("In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate."); *Alderman v. United States*, 394 U.S. 165, 182 (1969) (same); *United States v. Abu Marzook*, 412 F. Supp. 2d 913, 921 (N.D. Ill. 2006) (recognizing that a court's solitary review of purportedly classified material is insufficient because "[w]ithout the illumination provided by adversarial challenge and with no expertness in the field of national security, the court has no basis on which to test the accuracy of the government's claims").  It is cleared defense counsel who should be advocating to the Court whether, and to what extent, CIPA properly applies here.  Mr. Gammal will be materially prejudiced if their cleared counsel remain excluded from the Materials and the CIPA process.

All Mr. Gammal seeks is to have his cleared defense counsel allowed to participate and advocate on his behalf, as is expected in our adversarial system of justice where counsel advocate and judges judge. There is no reason why the Materials should be withheld, in whole or in part, from defense counsel.  *See In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d at 122 (holding the district court properly protected defendant's due process rights by allowing cleared defense counsel to attend and participate in all CIPA proceedings on his behalf); *Al Fawwaz*, 2014 U.S. Dist. LEXIS 173550, at *3-4 (issuing protective order that gave cleared defense counsel "access to all discoverable materials, including information that is classified"); *see also United States v. Sedaghaty*, 728 F.3d 885 (9th Cir. 2013) (reminding that, while the government must safeguard classified information in the interest of national security, a court must not be remiss in protecting a defendant's right to a full and meaningful presentation of his claim to innocence).

There is cleared counsel in this case, and access to the Materials would take place in the SCIF (Sensitive Compartmented Information Facility). There is a SCIF on the 9th Floor of 500 Pearl Street. The SCIF was built for a reason – the review of classified material by cleared counsel. The SCIF should be put to its use, and review of the Material should commence with speed.

                                     Respectfully submitted,
                                     Federal Defenders of New York

                                     /s/
                                     Sabrina Shroff
                                     Daniel Habib
                                     Annalisa Miron
                                     Attorneys for Defendant
                                           Ahmed El Gammal
                                     52 Duane Street - 10th Floor


Hon. Edgardo Ramos  August 11, 2016
United States District Court  Page 6

Re: <u>United States v. El Gammal</u>
15 Cr. 588 (ER)

                                    New York, NY 10007
                                    Tel.: (212) 417-8700

cc:   All counsel
      Mr. Ahmed El Gammal

