UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    - v. -                                  :

AHMED MOHAMMED EL GAMMAL,         :     15 Cr. 588 (ER)
  a/k/a "Jammie Gammal,"
                                   :

    Defendant.
                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR NOTICE AND DISCOVERY

PREET BHARARA
United States Attorney for the
Southern District of New York
1 St. Andrew's Plaza
New York, New York 10007

Andrew J. DeFilippis
Brendan F. Quigley
Negar Tekeei
Assistant United States Attorneys
- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
|     - v. - | : |
| AHMED MOHAMMED EL GAMMAL,<br>  a/k/a "Jammie Gammal," | :    15 Cr. 588 (ER) |
| | : |
|     Defendant | |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PRELIMINARY STATEMENT

The defendant's motion requesting "notice of discovery of searches, seizures, and surveillance techniques employed in this case, as well as their legal bases" is without merit and should be denied in its entirety. The premise of the defendant's motion—that the Government has not provided required notice or otherwise complied with its discovery obligations in this case—is unfounded. The Government has complied with its notice and discovery obligations, and will continue to do so. Therefore, the defendant's motion is moot.

## BACKGROUND

### I. Discovery and Notices Provided by the Government

The defendant first appeared in this District on September 16, 2015, and, shortly afterward, the Government began producing discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Since then, the Government has produced a large volume of discovery in this case, including the following:

- Search warrant affidavits which identify the sources of information upon which the Government relied in seeking search warrants;

- More than 200,000 pages of social media records, some of which have been translated from Arabic into English, and thousands of emails;

- Hundreds of pages of business records, including telephone records, airline records, bank records, documents obtained from social media providers, and historical cellsite records; and

- Forensic images of several iPhones, an iPad, a laptop hard drive, and other electronic media, which were obtained during a search of the defendant's residence at the time of his arrest, among other things.

Further, the Government has provided a voluminous amount of classified discovery to cleared counsel. This content of this discovery is described in more detail in the Government's July 22, 2016 filing pursuant to Section 4 of the Classified Information Procedures Act ("CIPA").

In addition, on July 13, 2016, the Government filed notice, pursuant to 50 U.S.C. § 1825(d), that it intends to offer into evidence, or otherwise use or disclose, in proceedings in this case, information obtained and derived from physical searches conducted pursuant to the Foreign Surveillance Act of 1978 ("FISA"), as amended, 50 U.S.C. §§ 1821-1829.

## II. The Government Has Complied with Its Notice and Discovery Obligations

### A. Applicable Law

The Government's discovery obligations are defined by long-standing rules and statutory provisions, as well as well-settled case law.

Federal Rule of Criminal Procedure 16 governs discovery in criminal cases as a general matter. In addition to requiring the Government to disclose to the defendant certain of his oral and written statements (Rule 16(a)(1)(A) and (B)), Rule 16 requires, in pertinent part, that the Government permit the defendant to inspect and copy all materials within the Government's possession, custody, or control that (a) are material to preparing the defense, (b) the Government

intends to use in its case-in-chief at trial, or (c) that were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(E).

In addition, under *Brady* v. *Maryland*, 373 U.S. 83 (1963), the Government is obligated by the Due Process Clause of the Fifth Amendment "to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment."  *United States* v. *Coppa*, 267 F.3d 132, 139 (2d Cir. 2001).  Evidence is "material" under *Brady* only if disclosure of the evidence would lead to "a reasonable probability of a different result" in the outcome of a trial.  *Kyles* v. *Whitley*, 514 U.S. 419, 434 (1995) (internal quotation marks omitted).[1]

With respect to evidence collected pursuant to physical searches under FISA, the Government must provide notice regarding its use or intended use of information obtained or derived from physical searches only if the Government (1) intends to offer into evidence or otherwise use or disclose (2) "against an aggrieved person" (3) in a "trial, hearing or other proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States" (4) any "information obtained or derived from" (5) "a physical search pursuant to the authority of this subchapter."  50 U.S.C. § 1825(d).  Where all five criteria are met, the Government will notify the defense and the Court (or other authority) in which the information is to be disclosed or used that the Government intends to use or disclose such information.  An aggrieved person is "a person whose premises, property, information, or

---

[1] In addition, under *Giglio* v. *United States*, 405 U.S. 150 (1972), the Government has a constitutional duty to disclose material impeachment information for Government witnesses. 405 U.S. at 154; *United States* v. *Bagley*, 473 U.S. 667, 675–76 (1985); *United States* v. *Gaggi*, 811 F.2d 47, 59 (2d Cir. 1987); *United States* v. *Rigas*, 583 F.3d 108, 125 (2d Cir. 2009).  The Government will disclose impeachment information for its witnesses, to the extent any such information exists, in advance of trial, which is consistent with the typical practice in this District although not required by law.  *See United States* v. *Nixon*, 418 U.S. 683, 701 (1974) ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); *Coppa*, 267 F.3d at 146.

material is the target of physical search or any other person whose premises, property, information, or material was subject to physical search." 50 U.S.C. § 1821(2).

Finally, CIPA (18 U.S.C. App. 3) governs the discovery of classified information in federal criminal cases. *See United States* v. *Abu Jihaad*, 630 F.3d 102, 140-41 (2d Cir. 2010). CIPA applies the general law of discovery in criminal cases to classified information, and further restricts discovery of that information to protect the Government's national security interests. *See United States* v. *Aref*, 533 F.3d 72, 78 (2d Cir. 2008).

### B. Discussion

Because, as described above, the Government has complied with its notice and discovery obligations in this case, the defendant's instant motion is moot. The defendant's principal argument—that he is entitled to notice and discovery because he "cannot meaningfully respond to the evidence comprising the government's case-in-chief without knowing the extent of its surreptitious searches and seizures" (Def. Memo. 21)—ignores the fact that the Government has provided the defendant with notice and discovery related to the sources of evidence comprising its case-in-chief, including the types of searches and seizures that the Government employed and relied upon throughout its investigation. Furthermore, to the extent the defendant, through counsel, has posed questions to the Government about the discovery produced to date, the Government has answered those questions and, when appropriate, provided additional discovery consistent with, and even exceeding, its Rule 16 disclosure obligations. For example, as described above, the Government has produced the defendant's social media communications and the contents of electronic devices he used in its Rule 16 discovery. Some of those records include communications by the defendant in which he shared with his contacts, including one of his co-conspirators, publicly-available videos by sending them website addresses, or links. The

Government accessed these links and produced to the defendant and defense counsel copies of some of the publicly-available videos the defendant sent to his contacts. Defense counsel asked the Government to identify in which of the defendant's communications he shared links to the publicly-available videos the Government produced, and the Government re-produced the excerpts of the defendant's communications that corresponded to each video. Similarly, when producing English translations of certain of the defendant's previously-produced Arabic-language communications (the defendant speaks and writes fluently in Arabic), the Government has provided charts matching the translations to the previously-produced Arabic communications.

The defendant's motion speculates that the Government relied upon undisclosed techniques when it (1) "appears to have sought information about El Gammal from at least two entities—Verizon and Yahoo—before his identity seems to have become known through the criminal investigation," (Def. Memo. 3) (2) "seems to have learned about El Gammal before receiving, in the criminal investigation, the first disclosure that would necessarily have identified him," (Def. Memo. 5) and (3) appeared to have "reviewed the contents of [CC-1's] [social media] account before [the social media provider] made its Rule 41 return" (Def. Memo. 5). This speculation is baseless. The Government has used a number of investigative techniques in this case. Not all of those techniques require notice or disclosure at this (or any) stage of the investigation.[2] And the Government has complied with its notice and disclosure obligations to date.

---

[2] Additional background regarding this investigation is provided in Section IV.A. of the Government's September 23, 2016 Classified Memorandum in Opposition to the Defendant's Pretrial Motion to Suppress, and for the Disclosure of the FISA Order, Application, and Related Materials.

5

As noted above, on July 13, 2016, the Government provided notice of its intention to use FISA-derived evidence in this case to the Court and defense counsel, with respect to certain evidence obtained from certain search(es) that the Government intends to offer at trial (the "July 13, 2016 Notice").  The Government did not provide any such notice in this case with respect to any other search(es) or surveillance in this case.  That is because the Government does not intend to use at any proceeding in this case results of any FISA searches or surveillance that may have been conducted, if there were any, other than the materials that were the subject of the July 13, 2016 Notice.  Nor does the Government intend to use against the defendant any evidence that was obtained or derived from FISA searches or surveillance, if there were any, aside from the materials that are the subject of the July 13, 2016 Notice.  If the Government were to use any such information against the defendant, the Government would have provided the defendant and the Court with notice of such use, as FISA requires.

The defendant's arguments regarding search, seizure, and surveillance techniques in national security investigations generally, and allegations regarding the Government withholding from criminal defendants notice and discovery "concerning novel and legally untested surveillance techniques" are similarly unavailing.  (*See* Def. Memo. 5.)  Once again, the Government's disclosure obligations are provided for and limited by well-established constitutional principles and statutory provisions.  The Government is aware of and has complied—and continues to comply—with its discovery obligations in this case, including under Rule 16 and *Brady*.  In addition to the Rule 16 discovery described above, the Government has complied with its *Brady* obligations, its obligations to provide notice of its intention to use FISA-derived information, and pursuant to CIPA, its obligations with respect to classified information.  Therefore, there is no basis to order additional disclosures at this time.

**CONCLUSION**

For the foregoing reasons, the Government respectfully submits that the defendant's motion to compel discovery should be denied.

Dated: New York, New York
September 23, 2016

Respectfully submitted,

PREET BHARARA
United States Attorney

By: ___/s/_____
Andrew J. DeFilippis
Brendan F. Quigley
Negar Tekeei
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
Tel. No.: (212) 637-2231/2190/2482