UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

UNITED STATES OF AMERICA                    :

    - v. -                                              :

AHMED MOHAMMED EL GAMMAL,                   :       15 Cr. 588 (ER)
  a/k/a "Jammie Gammal,"
                                               :
  Defendant.
                                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X


**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION FOR DISCLOSURE OF THE GOVERNMENT'S CIPA SECTION 4 FILING**


                                                                  PREET BHARARA
                                                                  United States Attorney for the
                                                                  Southern District of New York
                                                                  1 St. Andrew's Plaza
                                                                  New York, New York 10007


Andrew J. DeFilippis
Brendan F. Quigley
Negar Tekeei
Assistant United States Attorneys
- Of Counsel -



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 23, 2016

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States* v. *Ahmed Mohammed El Gammal, a/k/a "Jammie Gammal,"*
            15 Cr. 588 (ER)

Dear Judge Ramos:

      The Government respectfully submits this opposition to the motion of defendant Ahmed Mohammed El Gammal, a/k/a "Jammie Gammal," ("Gammal" or "the defendant") requesting that his attorney be provided with a copy of the Government's motion pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Federal Rule of Criminal Procedure 16(d). The Government is unaware of any court in this district, or, for that matter, in any district, that has granted what Gammal seeks. His unsupported request should be denied.

      I.      <u>Background</u>

      On July 22, 2016, the Government made a classified, *ex parte* and *in camera* filing, pursuant to Section 4 of CIPA and Federal Rule of Criminal Procedure 16(d), concerning certain classified material in this matter (the "Section 4 Motion"). On the same day, the Government sent Gammal's attorneys written notice of its Section 4 Motion and a copy of the proposed order that the Government submitted to the Court in connection with its motion.

      On August 12, 2016, Gammal filed his request.

Honorable Edgardo Ramos
September 23, 2016
Page 2

    II.    Applicable Law

        1) CIPA Section 4 – Generally

CIPA (18 U.S.C. App. 3) governs the discovery of classified information in federal criminal cases. *See United States* v. *Abu Jihaad*, 630 F.3d 102, 140-41 (2d Cir. 2010). Congress enacted CIPA to enable the Government to fulfill its duty to protect national security information, while simultaneously complying with its discovery obligations in federal criminal prosecutions. *See* S. Rep. No. 96-823, 96th Cong., 2d Sess., at 3 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4296. CIPA applies the general law of discovery in criminal cases to classified information, and further restricts discovery of that information to protect the Government's national security interests. *See United States* v. *Klimavicius-Viloria*, 144 F.3d 1249, 1260-61 (9th Cir. 1998).

Among its provisions, CIPA authorizes a court to deny or modify discovery of classified information that ordinarily would be produced pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16") or otherwise. Specifically, Section 4 of CIPA provides that "upon a sufficient showing," a court may "authorize the United States to delete specified items of classified information from [discovery], . . . to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C. App. 3 § 4.

This provision "clarifies district courts' powers under Rule 16(d)(1) to issue protective orders denying or restricting discovery for good cause, which includes information vital to the national security." *United States* v. *Stewart*, 590 F.3d 93, 130 (2d Cir. 2009) (internal quotation marks omitted); *see also* Fed. R. Crim. P. 16(d)(1) (district courts may "for good cause, deny . . . discovery or inspection, or grant other appropriate relief"). Courts in this district evaluate Section 4 motions to delete or substitute certain items of classified information against the backdrop of well-developed standards set forth in such Second Circuit cases as *Abu-Jihaad*, 630 F.3d at 141, *United States* v. *Stewart*, 590 F.3d at 131, and *United States* v. *Aref*, 533 F.3d 72, 78 (2d Cir. 2008), as well as in *United States* v. *Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989), and *United States* v. *Roviaro*, 353 U.S. 53, 62 (1957).

In short, Section 4 permits the United States to request that a court review classified information to determine whether it is discoverable under Rule 16, *Brady* v. *Maryland*, 373 U.S. 83 (1963), *Giglio* v. *United States*, 405 U.S. 150 (1972), or the Jencks Act (18 U.S.C. § 3500), and to protect such classified information from disclosure through various means if it is determined to be discoverable. *See United States* v. *Libby*, 429 F. Supp. 2d 18, 22 (D.D.C. 2006) (amended by *United States* v. *Libby*, 429 F. Supp. 2d 46 (D.D.C. 2006)); *see also Klimavicius-Viloria*, 144 F.3d at 1261-62.

    2) CIPA Section 4 – *Ex Parte* Filing

Consistent with CIPA's purpose—"to protect classified information from unnecessary disclosure at any stage of a criminal trial," *United States* v. *O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002)—Section 4 expressly authorizes *ex parte* filing: "The court may permit the United States to make a request for [the] authorization [set forth in the statute] in the form of a written statement to be inspected by the court alone." 18 U.S.C. App. 3 § 4. Rule 16 is in accord. *See* Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect *ex parte*.").

Congress viewed the *ex parte* nature of a Section 4 proceeding as important. As the record of the House of Representatives put it, "since the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." H.R. Rep. No. 96-831, at 27 n.22 (1980); *see also* Rule 16 Advisory Committee Notes, 1966 Amendments, Subdivision (e) ("[I]t would defeat the purpose of the protective order if the government were required to make its showing in open court. The problem arises in its most extreme form where matters of national security are involved.").

Courts uniformly uphold the practice of proceeding *ex parte* where—as is the case in the Section 4 Motion—the substance of classified information that is sought to be withheld from discovery is discussed in the motion. *E.g.*, *Abu-Jihaad*, 630 F.3d at 143 (rejecting argument that government's *ex parte* and *in camera* submissions were improper) (citing *Aref*, 533 F.3d at 81).

A contrary approach would be inconsistent with the purpose of CIPA. If a Section 4 motion to withhold classified information from discovery were not reviewed *in camera* and *ex parte*, the motion practice itself would reveal the very classified information—and commonly, the sensitive technique or techniques used to obtain that information—that the Government sought to shield in the interest of national security. Numerous courts, including the Second Circuit, have recognized this basic point. *E.g.*, *Aref*, 533 F.3d at 81 ("When the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." (internal quotation marks omitted)); *United States* v. *Campa*, 529 F.3d 980, 995 (11th Cir. 2008) ("The right that section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view."); *Klimavicius-Viloria*, 144 F.3d at 1261 ("The legislative history [of CIPA] explains that because the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." (internal quotation marks and citations omitted)); *United States* v. *Zazi*, No. 10 Cr. 60 (JG), 2011 WL 2532903, at *3 (E.D.N.Y. June 24, 2011) ("With respect to the government's request to delete irrelevant classified materials from discovery, an adversary proceeding would be particularly anomalous, as it would provide defense counsel access to sensitive information to which, if the government is correct, they are not entitled under any theory.").

That one or more defense counsel in a given case has (or could obtain) security clearance is of no moment. Only individuals with a "need-to-know" are permitted access to classified information. *See* Executive Order 12968 (Aug. 2, 1995) (discussing access to classified information); *United States* v. *Daoud*, 755 F.3d 479, 484 (7th Cir. 2014) ("in addition to having the requisite clearance the seeker must convince the holder of the information of the seeker's need to know"); *see generally C.I.A.* v. *Sims*, 471 U.S. 159, 175 (1985). All Section 4 motions contain information deemed highly sensitive and important to the national security of the United States. The need to keep such information closely guarded is apparent. A given defense counsel's security clearance—no matter what level—thus in no way obviates the need for a Section 4 motion to be considered *ex parte* and *in camera*. *See, e.g.*, *United States* v. *Sedaghaty*, 728 F.3d 885, 909 (9th Cir. 2013) ("[T]he simple fact that defense counsel held security clearances does not mean that the attorneys were entitled to access the government's classified filings."); *United States* v. *Amawi*, 695 F.3d 457, 473 (6th Cir. 2012) ("The possession of a security clearance only becomes relevant after the district court determines, in accordance with section 4, that any classified information is discoverable.").

This foundational principle was explained by Judge Mark R. Kravitz in *United States* v. *Abu-Jihaad* , No. 07 Cr. 57 (MRK), 2007 WL 2972623 (D. Conn. Oct. 11, 2007), *aff'd*, 630 F.3d 102 (2d Cir. 2010). In that case, the court held that a motion under Section 4 could be considered *ex parte*—regardless of whether defense counsel did or did not have appropriate security clearances. The court explained:

> If the Court were to conclude that some or all of the information is discoverable, the Government would then need to decide prior to court-ordered disclosure whether to produce the information to defense counsel subject to appropriate security clearance, seek alternate relief under CIPA—such as substitution of a summary or statement of the discoverable information—or file an interlocutory appeal under CIPA § 7. If, on the other hand, the Court decides that the information is not discoverable at all, Defendant is not entitled to production of the information, regardless of whether his counsel is willing to submit to security clearances.

*Abu-Jihaad*, 2007 WL 2972623, at *2 (citations omitted).

Similarly, in *United States* v. *Libby*, 429 F. Supp. 2d 18, *amended by* 429 F. Supp. 2d 46 (D.D.C. 2006), the court was called upon to determine whether to permit defense counsel to review a Section 4 motion where defense counsel (and the defendant) held appropriate security clearances. In deciding this issue, the court explained that the relevant question was not whether defense counsel had appropriate clearance. Rather, the question was whether defense counsel had both clearance *and* a "need to know." As the *Libby* court explained, "[i]t is axiomatic that even if the defendant and his attorneys had been granted the highest level of security clearances, that fact alone would not entitle them to access to every piece of classified information this country possesses." 429 F. Supp. 2d at 24 n.8; *see also, e.g.*, *Zazi*, 2011 WL 2532903, at *3 ("[The defendant's] lawyers both possess top secret security clearances, which afford them access to the

classified summaries the government will shortly provide, but those clearances do not mandate an adversary hearing or access to immaterial classified information for which counsel has no legitimate need."); *United States* v. *Ahmad*, Nos. 04 Cr. 301 (JCH), 06 Cr. 194 (JCH), 2013 WL 1899792, at *3 (D. Conn. May 1, 2013) ("Because the court finds that, in accordance with section 4, the classified information is not discoverable, a clearance would not have entitled the defense to see any of the information." (internal quotation marks omitted)).

These cases are not outliers. On the contrary, courts both within and outside of this district routinely permit the Government to make Section 4 filings *ex parte*, regardless of whether one or more defense counsel has or could obtain an appropriate security clearance. To choose five examples in this district:

- In *United States* v. *al-Kassar*, No. 07 Cr. 354 (JSR), a case tried before Judge Rakoff, the court, over objection of cleared defense counsel, permitted the Government to file the legal memorandum, declarations, and exhibits associated with its CIPA Section 4 motion *ex parte* and *in camera*.[1]

- In *United States* v. *Ahmed*, No. 10 Cr. 131 (PKC), Judge Castel, over objection of cleared defense counsel, ruled that *ex parte, in camera* consideration of the Government's Section 4 motion was proper. *See United States* v. *Ahmed*, No. 10 Cr. 131 (PKC), 2011 WL 4915005, at *6 (S.D.N.Y. Sept. 23, 2011).

- In *United States* v. *Mostafa*, No. 04 Cr. 356 (KBF), Judge Forrest held the same. *See* Memorandum Decision and Order, *United States* v. *Mostafa*, No. 04 Cr. 356 (KBF) (S.D.N.Y Jan. 17, 2014), ECF No. 233.

- In *United States* v. *Jones*, No. 16 Cr. 19 (PGG), in response to a motion raising legal arguments substantially similar to the ones made here, Judge Gardephe found that the Government's Section 4 motion was properly filed *ex parte*. *See* Transcript, *United States* v. *Jones*, 16 Cr. 19 (PGG) (S.D.N.Y. Aug. 16, 2016), at 5 (attached as Exhibit A).

- Most recently, Judge Broderick also denied a substantially similar defense motion seeking disclosure of the Government's Section 4 filing. *See* Transcript, *United States* v. *Yin*, No. 15 Cr. 706 (VSB) (S.D.N.Y. Sept. 12, 2016), at 32 (attached as Exhibit B).

These rulings are unremarkable. They are consistent with uniform decisions throughout the country, consistent with CIPA's purpose, and consistent with the principles discussed herein. They are also consistent with federal court practice in other contexts. As the D.C. Circuit noted, *ex parte* CIPA practice is "closely analog[ous]" to more familiar *ex parte* practice:

---

[1] The information set forth in the preceding sentence was provided by one of the attorneys who represented the Government in the *al-Kassar* matter.

> When a court (rather than the prosecutor alone, as is ordinarily the case) reviews evidence *in camera* to determine whether it constitutes a witness statement subject to disclosure under the Jencks Act, 18 U.S.C. § 3500(b), or exculpatory material subject to disclosure under *Brady* [v. *Maryland*, 373 U.S. 83 (1963)], the defendant is likewise not entitled to access any of the evidence reviewed by the court . . . to assist in his argument that it should be disclosed.

*United States* v. *Mejia*, 448 F.3d 436, 458 (D.C. Cir. 2006) (internal quotation marks and citations omitted).

### III. Discussion

In his letter, Gammal cites four cases that, he claims, support his view that cleared defense counsel should be given access to the Section 4 Motion. (*See* Def. Ltr. 1-3.) But none of those held that defense counsel should receive a copy of a Section 4 motion and the classified information on which it is based. Indeed, none of the four cases was about Section 4 at all.

Gammal also argues that (i) the Government "bears the burden of making a 'particular showing' of the necessity of proceeding *ex parte*" and that, to avoid potential prejudice to him, his counsel should be "allowed to participate and advocate on his behalf" by reviewing the Section 4 Motion. (*Id.* 4). These arguments are meritless.

#### 1) The Four Cases Invoked by Gammal

The first case invoked by Gammal is *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93 (2d Cir. 2008). (Def. Ltr. 1.) Gammal states that defense counsel in that case participated in "CIPA proceedings," but does not identify what those proceedings were. (*Id.*) That omission is notable. The proceedings to which Gammal refers, but does not identify, did not arise under Section 4. Rather, the proceedings at issue were governed by different provisions of CIPA, dealing with different issues, in different context, that could not be and were not *ex parte*, specifically (1) a CIPA Section 5 notice, made by cleared defense counsel, of a purported need to share classified discovery, previously provided to counsel by the Government, with the defendant himself, followed by (2) a CIPA Section 6 hearing on the use and admissibility of the classified evidence at trial. *See* 552 F.3d at 117-19. Such proceedings, which can come only *after* materials have been produced in discovery, do not support a request that defense counsel be permitted to review a filing describing materials that the Government believes need not be produced in discovery at all.

The second case invoked by Gammal is *United States* v. *al Fawwaz*, No. S7 98 Cr. 1023 (LAK), 2014 WL 6997604 (S.D.N.Y. Dec. 8, 2014). (Def. Ltr. 2.) Gammal asserts that, in that case, "the Honorable Lewis A. Kaplan accommodated CIPA by entering a protective order that 'grant[ed] defense counsel who have received security clearance access to all discoverable materials, including information that is classified.'" (*Id.* (quoting *al Fawwaz*, 2014 WL 6997604,

Honorable Edgardo Ramos
September 23, 2016
Page 7

at *1).)  This assertion, made without caveat or elaboration, could be read to suggest that Judge Kaplan granted cleared counsel access to all classified information, including information presented in a Section 4 motion.  That is false.

In *al Fawwaz*, the Government determined that certain classified materials were discoverable, and provided these to cleared counsel, subject to a protective order.  Those were the "discoverable materials" to which the court was referring in the sentence excerpted by Gammal. *See* 2014 WL 6997604, at *1.  Defense counsel later sought to modify the protective order so that material could be shared with the defendant.  The court denied that motion. *Id.* at *2-*3.  As with *In re Terrorist Bombings of U.S. Embassies in East Africa*, the fact that there was litigation in *al Fawwaz* that was not *ex parte*, based on materials previously provided to defense counsel in discovery, does not support Gammal's request that his counsel be permitted to review a filing describing materials that the Government believes need not be produced in discovery at all.  Indeed, in *al Fawwaz*, the Government submitted an *ex parte* Section 4 motion, which the court granted—without sharing it with the defense.  That is precisely what Gammal asserts should not be done.

Nor is Gammal's request supported by *United States* v. *Abu Ali*, 528 F.3d 210 (4th Cir. 2008), the third case he invokes (Def. Ltr. 2).  As with *In re Terrorist Bombings of U.S. Embassies in East Africa* and *al Fawwaz*, this decision dealt with whether a defendant or uncleared counsel could review classified discovery that had previously been provided to cleared counsel or could participate in proceedings concerning that discovery.  It had nothing do with Section 4, much less did it hold that defense counsel should be permitted to receive a copy of a Section 4 motion.  On the contrary, in describing CIPA's various provisions, the court noted that Section 4 "allows the United States to request such an authorization [to delete, summarize, or substitute] by ex parte written statement."   528 F.3d at 246.

Nor, finally, is Gammal's request supported by *United States* v. *Brown*, No. 14 Cr. 58 (FL), 2014 WL 1572553 (E.D.N.C. Apr. 18, 2014), the fourth case he invokes (Def. Ltr. 2-3).  Once again, this decision did not arise under Section 4.  Rather, it involved the Government's motion for a Section 2 conference to preview to the court the sort of classified issues that might arise in the case.  In the course of discussing (and granting) that motion, the court described CIPA's various provisions in general terms, including Section 4.  The court was not presented with, much less did the court rule on, a request for defense counsel to receive a Section 4 filing.  And in fact, consistent with uniform practice throughout the country, the Government provided all information regarding the classified materials that were the subject of its Section 4 filing *ex parte*.[2]

In short, Gammal's assertion (Def. Ltr. 2) that the "cases cited above" support the proposition that "cleared defense counsel [be given] access to all classified material," before a determination as to whether any of that material is discoverable, is simply wrong.  None of these

---

[2]   The information set forth in the preceding sentence was provided by one of the attorneys who represented the Government in the *Brown* matter.

Honorable Edgardo Ramos
September 23, 2016
Page 8

cases supports that proposition. To the Government's knowledge, no case does, a fact Gammal's counsel has conceded in other proceedings. *See* Ex B at 27.[3]

        2)  <u>Gammal's Other Arguments</u>

In addition to suggesting, incorrectly, that prior decisions support his request, Gammal presses two arguments as to why, in his view, an *ex parte* submission is unwarranted. Neither argument has merit.

First, Gammal asserts that the Government has not made a sufficient showing that Court should consider the Section 4 Motion *ex parte*. (Def. Ltr. 3). But Section IV of the Government's Section 4 Motion gives more than sufficient basis to find that the Government has met its burden, particularly given that Section 4, on its face, provides for *ex parte* filings. That the Government has not and cannot share the contents of its Section 4 Motion with the defense does not bear on the adequacy of its contents. *See Abu-Jihaad*, 630 F.3d at 143 (rejecting defendant's argument that showing of exceptional circumstances is necessary before a motion may be made *ex parte*, and noting that where Government moves to withhold classified information, an adversary hearing would defeat purpose of the motion); *see also Libby*, 429 F. Supp. 2d at 25 ("[T]he Court declines to adopt the defendant's position that he must first have the opportunity to litigate whether the government has established exceptional circumstances before the government can submit to the Court *ex parte* filings pursuant to Section 4. There is simply no requirement for such a showing in the CIPA, and this Court cannot not judicially require it.").

Second, Gammal asserts that, to avoid any potential prejudice to him, his counsel should be "allowed to participate and advocate on his behalf" by reviewing and responding to the Section 4 Motion. (Def. Ltr. 4.) This argument could be made in every case, and has been rejected in every case where it has been made. Again, it ignores that CIPA expressly authorizes *ex parte* submissions. It ignores that the Section 4 Motion may contain sensitive information not related to Gammal. And it ignores, perhaps most fundamentally, that if Gammal's counsel were to be provided with a copy of the Section 4 Motion, his counsel would thereby receive more than he would be expected to receive if the Court denied the Section 4 Motion in its entirety. If the Court were to determine, over the Government's arguments, that some or all of the material described in the Section 4 Motion was both relevant and helpful to the defense, the Government would expect to work with the equity holder(s) of the pertinent classified material to create a summary or substitution that would put the defense in substantially the same position, without compromising national security concerns. This procedure is expressly contemplated by CIPA, and is so sensitive

---

[3] Gammal also attempts to distinguish contrary case law by arguing that "[t]his case, by contrast, is not a terrorism matter . . . ." (Def. Ltr. at 3 n.3). That is plainly incorrect. Gammal has in fact been charged with providing, and conspiring to provide, material support to a designated foreign terrorist organization and conspiring to receive, and aiding and abetting the receipt of, military-type training from a designated foreign terrorist organization. And elsewhere, Gammal's counsel has referred to this case as a "terrorism trial." Ex. B at 5 ("The December 5 trial is a terrorism trial.").

that it is one of the very few instances in a criminal case where the Government may, as of right, take an interlocutory appeal from any adverse decision. *See* 18 U.S.C. App. 3 §§ 4, 7.

The solution to the concern raised by Gammal is not to provide his counsel with a pending motion, properly made *ex parte*, containing more than Gammal would receive even were the motion denied, but instead, as the Court previously suggested, to have *ex parte* meetings with the parties (as multiple judges in this district have done) at which defense counsel can articulate their defense theory, thereby enabling Court to make the most informed determination as to whether the materials that are subject to the Section 4 Motion are at all relevant and/or helpful to the defense. Although CIPA authorizes the Court to make such a determination without any input from the defense, the Government has no objection to defense counsel making *ex parte* presentations to the Court regarding their anticipated theories or defenses at trial, to the extent the Court determines that such presentations would be helpful. Allowing defense counsel to make such presentations would ameliorate the concern posited by Gammal regarding the Court's understanding of what would be helpful to him (*see* Def. Ltr. 4), without the wholesale sharing of classified information to which Gammal is not entitled.

For the foregoing reasons, and those previously set forth in the Government's Section 4 Motion, Gammal's motion should be denied.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Andrew DeFilippis
Brendan F. Quigley
Negar Tekeei
Assistant United States Attorneys
(212) 637-2231/2190/2482

cc: (by ECF)

Counsel of Record