UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                       :

            -v.-                                           :        15 Cr. 588 (ER)

AHMED MOHAMMED EL GAMMAL,                       :
        a/k/a "Jammie Gammal,"

                                                           :

                        Defendant.

                                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


## GOVERNMENT'S REQUESTS TO CHARGE


                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States
                                              of America


Andrew J. DeFilippis
Brendan F. Quigley
Negar Tekeei
Assistant United States Attorneys
        -Of Counsel-

## <u>TABLE OF CONTENTS</u>

Request No. 1    General Requests ................................................................................. 1

Request No. 2    Summary of the Indictment ................................................................ 2

Request No. 3    Count One: General Instructions ........................................................ 3

Request No. 4    Count One: Elements ........................................................................... 4

Request No. 5    Count One: First Element–Providing or Attempting to Provide Material Support ............................................................................................... 5

Request No. 6    Count One: Second Element—Foreign Terrorist Organization ....................... 8

Request No. 7    Count One: Third Element—Knowingly ....................................................... 9

Request No. 8    Count One: Fourth Element—Jurisdiction .................................................... 11

Request No. 9    Count One: Attempt .............................................................................. 13

Request No. 10   Count One: Aiding and Abetting ................................................................ 15

Request No. 11   Count Two: General Instructions ............................................................... 18

Request No. 12   Count Two: Elements of the Offense ......................................................... 20

Request No. 13   Count Two: First Element—Existence of the Conspiracy ............................. 21

Request No. 14   Count Two: Second Element—Membership in the Conspiracy .................... 25

Request No. 15   Count Two: Second Element (Continued)—Conscious Avoidance ............... 28

Request No. 16   Count Two: No Overt Act Requirement ...................................................... 31

Request No. 17   Count Two: Time of Conspiracy ................................................................ 32

Request No. 18   Count Three: General Instructions ............................................................. 33

Request No. 19   Count Three: Elements ........................................................................... 34

Request No. 20   Count Three: First Element—Receiving Military-Type Training .................... 35

Request No. 21   Count Three: Second Element—Foreign Terrorist Organization ................... 36

Request No. 22   Count Three: Third Element—Knowingly .......................................................... 37

Request No. 23   Count Three: Fourth Element—Jurisdiction ................................................... 39

Request No. 24   Count Three: Aiding and Abetting .................................................................. 41

Request No. 25   Count Four: General Instructions .................................................................. 42

Request No. 26   Count Four: Elements of the Offense ............................................................. 43

Request No. 27   Count Four: Overt Act Requirement .............................................................. 45

Request No. 28   Venue .............................................................................................................. 47

Request No. 29   Time of Crimes and Variance in Dates .......................................................... 49

Request No. 30   Cooperating Witnesses (if applicable) ........................................................... 50

Request No. 31   Use of Recordings (if applicable) ................................................................... 53

Request No. 32   Translations ................................................................................................... 54

Request No. 33   Particular Investigative Techniques Not Required (if applicable*) ................. 55

Request No. 34   Statements of The Defendant ........................................................................ 56

Request No. 35   Consciousness of Guilt from Evidence of False Exculpatory Statements (if
                 applicable) ...................................................................................................... 57

Request No. 36   Preparation of Witnesses ............................................................................... 58

Request No. 37   Stipulation of Facts (if applicable) .................................................................. 59

Request No. 38   Stipulation of Testimony (if applicable) .......................................................... 60

Request No. 39   Persons Not on Trial ...................................................................................... 61

Request No. 40   Defendant's Testimony (if applicable) ............................................................ 62

Request No. 41   Defendant's Right Not to Testify (If Requested by the Defense) .................... 63

Request No. 42   Character Testimony (if applicable) ................................................................ 64

Request No. 43   Uncalled Witness Equally Available to Both Sides (if applicable) .................. 65

ii

Request No. 44   Charts and Summaries (if applicable) ............................................... 66

Request No. 45   Expert Testimony (if applicable) ..................................................... 67

Request No. 46   Evidence Obtained Pursuant to Searches ........................................ 68

Request No. 47   Redaction of Evidentiary Items (if applicable) ............................... 69

Request No. 48   Multiple Counts ............................................................................ 70

Request No. 49   Punishment Is Not to Be Considered By The Jury ......................... 71

Request No. 50   Sympathy: Oath as Jurors .............................................................. 72

Request No. 51   Right to Hear Testimony; Communications with the Court; Note-Taking ..... 73

Request No. 52   Verdict Must Be Unanimous .......................................................... 74

Request No. 1          **<u>General Requests</u>**

        The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

      a.     Function of Court and Jury.

      b.     Indictment Not Evidence.

      c.     Statements of Court and Counsel Not Evidence.

      d.     Burden of Proof and Presumption of Innocence.

      e.     Reasonable Doubt.

      f.     Jury's Recollection Controls.

      g.     Government Treated Like Any Other Party.

      h.     Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

      i.     Credibility of Witnesses.

Request No. 2          **<u>Summary of the Indictment</u>**

The defendant, AHMED MOHAMMED EL GAMMAL, also known as "Jammie Gammal," is charged in a four-count Indictment.

As I instructed you at the outset, the Indictment is a charge or an accusation.   It is not evidence.   You may not consider the fact that the defendant has been indicted when determining whether the Government has proven the charges beyond a reasonable doubt.

The Indictment in this case contains four counts.

Count One charges the defendant with providing and attempting to provide material support or resources to the Islamic State of Iraq and the Levant ("ISIL").

Count Two charges the defendant with a conspiracy to provide material support or resources to ISIL.

Count Three charges the defendant with aiding and abetting the receipt of military-type training from ISIL.

Count Four charges the defendant with a conspiracy to receive military-type training from ISIL.

2

Request No. 3          **Count One: General Instructions**

       Now let's turn to Count One of the Indictment.   Count One charges that from at least in or about 2014, up to and including in or about August 2015, the defendant provided and attempted to provide material support or resources to a foreign terrorist organization, namely, the Islamic State of Iraq and the Levant, or ISIL, in violation of Section 2339B, Title 18, United States Code.

       *[The Court is respectfully requested to read Count One of the Indictment.]*

Request No. 4          **Count One: Elements**

        To prove the defendant guilty of the crime charged in Count One, the Government must prove each of the following four elements beyond a reasonable doubt.

        <u>First</u>, that the defendant provided material support or resources;

        <u>Second</u>, that the defendant provided such support or resources to an officially designated foreign terrorist organization;

        <u>Third</u>, that the defendant acted knowingly; and

        <u>Fourth</u>, that one of the jurisdictional requirements, which I will explain shortly, are satisfied.

        Adapted from the charge of the Honorable Loretta A. Preska in <u>United States</u> v. <u>Sabir</u>, 05 Cr. 673 (LAP) (S.D.N.Y. 2005) (Tr. 2586); and the charge of the Honorable Sidney H. Stein in <u>United States</u> v. <u>Paracha</u>, 03 Cr. 1197 (S.D.N.Y. 2005) (Tr. 1520); 18 U.S.C. § 2339B (current version) ("Whoever knowingly provides . . .").

4

Request No. 5          **Count One: First Element–Providing or Attempting to Provide
                       Material Support**

      The first element is that the defendant provided or attempted to provide material support or resources.

      The defendant "provided" material support or resources if he made available, sent, or physically transferred the support or resources.

      The term "material support or resources" is defined by the statute to include "any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation."   It does not include medicine or religious materials.   The defendant does not have to have joined or become a member of the organization in order to have provided material support and resources to the organization.

      The words "weapons," "lethal substances," and "explosives" have their ordinary meanings.

      The word "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.

      The term "expert advice or assistance" means advice or assistance derived from scientific, technical or other specialized knowledge.

      The word "personnel" refers to one or more people jointly engaged in a common undertaking.   The word "personnel" includes the defendant, himself.   It can also include other people.

If you find beyond a reasonable doubt that the defendant provided material support or resources, then this element is satisfied; however, as part of your finding, you must agree unanimously with respect to at least one of the forms of material support or resources that were provided or concealed.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2269-70); the charge of the Honorable John G. Koeltl in United States v. Sattar, S1 02 Cr. 395 (JGK) (S.D.N.Y. 2005) (Tr. 12336-37); and the charge of the Honorable Sidney H. Stein in United States v. Paracha, 03 Cr. 1197 (SHS) (S.D.N.Y. 2005) (Tr. 1521); see 18 U.S.C. § 2339A(b) (defining "material support or resources," "training," and "expert advice and assistance");    18 U.S.C. § 2339B(g) (indicating that the definition of "material support or resources" set forth at 18 U.S.C. § 2339A(b) applies to offenses charged under 18 U.S.C. § 2339B(g)); 18 U.S.C. § 2339B(h) (clarifying that what is proscribed is the provision of personnel "to work under" the "direction or control" of a terrorist organization); United States v. Sattar, 314 F.Supp.2d 279, 297 (S.D.N.Y. 2004) ("The term 'provides' is not defined in § 2339A. Where words in a statute are not defined, they must be given their ordinary meaning.    The plain and ordinary meaning of the transitive verb 'provide' is '[t]o furnish; supply . . . [t]o make ready . . . [t]o make available; afford.'") (other internal quotation marks and citations omitted); id. ("Limiting the definition of 'provides' to the physical transfer of an asset would result in a strained and untenable reading of the statute.    Thus, there is no basis to limit the meaning of 'provides . . . personnel' to the physical transfer of personnel, and not to include making personnel available -- which is in accord with the ordinary and natural use of the term 'provide,' and which is consistent with its placement in the statute and the purpose of proscribing the provision of resources to be used for a prohibited purpose.");; id. at 298 ("[I]n using the term 'personnel' in § 2339A, Congress plainly intended to refer to . . . persons who are jointly involved in participating in those crimes.    This meaning comports with the plain meaning of 'personnel,' which is defined as '[t]he body of persons employed by or active in an organization, business, or service.'    Understanding 'personnel' to refer to those persons engaging together in preparing for or carrying out the enumerated crimes also comports with the use of

'personnel' in the context of the statute, because the statute specifically prohibits the provision of material support or resources, which includes personnel, to be used in preparing for, or carrying out, the specified crimes.") (citations omitted); <u>United States</u> v. <u>Abu-Jihaad</u>, 600 F.Supp.2d 362, 400 (D. Conn. 2009) (adopting the definition of "personnel" set out in <u>Sattar</u>).

Request No. 6          **Count One: Second Element—Foreign Terrorist Organization**

The second element is that the defendant provided material support or resources to a foreign terrorist organization.   For an organization to qualify as a "foreign terrorist organization," it must have been designated as such by the Secretary of State.

[*If applicable:*   The parties have stipulated that the Islamic State of Iraq and the Levant has been designated as a foreign terrorist organization by the Secretary of State, and was so designated by the Secretary throughout the period covered by the Indictment.]

> Adapted from the charges of the Honorable John F. Keenan in United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2278-79); the charge of the Honorable Loretta A. Preska in United States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the charge of the Honorable Sidney H. Stein in United States v. Paracha, 03 Cr. 1197 (SHS) (S.D.N.Y. 2005) (Tr. 1521).

Request No. 7        **Count One: Third Element—Knowingly**

The third element is that, in providing material support or resources, the defendant acted "knowingly."

To prove this, the Government must prove two things.

First, that the defendant acted voluntarily and intentionally, and not because of mistake or accident.

Second, the Government must prove that the defendant knew that the Islamic State of Iraq and the Levant, or ISIL, had been designated by the Secretary of State as a "foreign terrorist organization," <u>or</u> that the defendant knew that ISIL engaged in "terrorist activity," <u>or</u> that the defendant knew that ISIL engaged in "terrorism."

For these purposes, the term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by sub-national groups or clandestine agents.

The term "terrorist activity" includes any of the following actions:

1.    Hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;

2.    Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do or abstain from doing some act;

3.    A violent attack upon an internationally protected person, including employees and officials of governments or international organizations;

4.    Assassination;

9

5.      Use of any chemical, biological, or nuclear weapons or device, with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property;

6.      Use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or

7.      A threat, attempt, or conspiracy to do any of the foregoing.

As to Count One, the Government has satisfied its burden of proof with respect to the third element if you conclude beyond a reasonable doubt that the defendant had specific knowledge that ISIL had been designated a foreign terrorist organization by the United States Government, or that ISIL engaged in terrorist acts of the type I have listed, or that ISIL engaged in "terrorism" as I have defined that term.

As part of your finding, you must unanimously agree with respect to at least one of the three categories of knowledge the defendant had.

> Adapted from the charges of the Honorable John F. Keenan in United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2279-80); the Honorable Loretta A. Preska in United States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the Honorable Sidney H. Stein in United States v. Paracha, 03 Cr. 1197 (SHS) (S.D.N.Y. 2005) (Tr. 1521-22); see 18 U.S.C. § 2339B(a)(1) (current version) (defining "terrorism" and "terrorist activity" by reference to 8 U.S.C. § 1182(a)(3)(iii) and 22 U.S.C. § 2656f(d)(2)).

10

Request No. 8             **Count One: Fourth Element—Jurisdiction**

       For the purposes of this case, the Government must also prove beyond a reasonable doubt that one of the following jurisdictional requirements has been satisfied:

    1)    an offender is a national of the United States or an alien lawfully admitted for permanent residence in the United States; or

    2)    the offense occurs in whole or in part within the United States; or

    3)    the offense occurs in or affects interstate or foreign commerce; or

    4)    an offender aids or abets any person over whom jurisdiction exists.

       The term "national of the United States" means (A) a citizen of the United States, or, (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

       The term "lawfully admitted for permanent residence" means the status of having been lawfully accorded the privilege of residing permanently into the United States as an immigrant in accordance with the immigration laws, such status not having changed.

       The term "interstate or foreign commerce" includes the movement of goods, services, money and individuals between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.   In demonstrating that an offense occurs in or affects interstate or foreign commerce, the Government must prove that the offense could have a potential effect on interstate or foreign commerce in any way, no matter how minimal.   It is not necessary to prove that the acts of any particular defendant affected interstate or foreign commerce as long as the offense as a whole could have had such a potential effect.   Finally, the Government is not required to prove that any defendant knew that he was

affecting or could potentially affect interstate or foreign commerce.

In sum, the Government has satisfied its burden as to the fourth element—the jurisdictional element—if you find beyond a reasonable doubt that either of the four jurisdictional requirements I described has been satisfied.    As part of your finding, you must unanimously agree as to which of the two requirements, or both, has been satisfied.

Adapted from the charges of the Honorable Loretta A. Preska in United States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005) (Tr. 2589); and the Honorable Sidney H. Stein in United States v. Paracha, 03 Cr. 1197 (SHS) (S.D.N.Y. 2005) (Tr. 1523); see 18 U.S.C. § 2339B(d) (setting out jurisdictional elements).

Request No. 9            **<u>Count One: Attempt</u>**

      With respect to Count One, the defendant is also charged with <u>attempting</u> to provide material support or resources to a foreign terrorist organization.

      In order to find the defendant guilty on Count One under an attempt theory, the Government must prove beyond a reasonable doubt that:

      1) the defendant intended to commit the crime charged, as I have described that crime to you; and

      2) that the defendant willfully took some action that was a substantial step, in an effort to bring about or accomplish the crime.

      Mere intention to commit a specific crime does not amount to an attempt.   In order to convict the defendant of an attempt you must find beyond a reasonable doubt that he intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

      In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, you must distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.   Mere preparation, without more, is not an attempt.   On the other hand, some preparations when taken together may amount to an attempt.   The acts of a person who intends to commit a crime will constitute an attempt where the acts themselves indicate an intent to willfully commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

      There is no requirement that the attempt be successful or that the defendant actually have carried out the crime he was trying to commit.

13

If you find beyond a reasonable doubt that the defendant attempted to commit the

crime charged in Count One, then he is guilty with respect to that Count.

> Adapted from the charges of the Honorable Lewis A. Kaplan in
> United States v. Ghailani, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2006)
> (Tr. 2496-97); the Honorable John F. Keenan in United States v.
> Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2271-72), and in
> United States v. Haouari, 00 Cr. 15 (JFK) (S.D.N.Y. 2001) (Tr.
> 1013-14); and from Sand, Modern Federal Jury Instructions, Instrs.
> 10-1 and 10-3 (setting forth model instruction regarding attempt
> crimes in general).

Request No. 10          **Count One: Aiding and Abetting**

As I mentioned earlier, with respect to Count One, the Indictment also charges the

defendant with what is called "aiding and abetting."

Let me define the term "aiding and abetting" for you.   The aiding and abetting

statute, Title 18, United States Code, Section 2(a), provides that:

> Whoever commits an offense against the United States or aids,
> abets, counsels, commands, induces or procures its commission, is
> punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to

show that the defendant physically committed the crime with which he is charged in order for

you to find him guilty.   Thus, even if you do not find beyond a reasonable doubt that the

defendant committed the crime charged, you may, under certain circumstances, still find the

defendant guilty of the crime as an aider or abettor.   Abetting means helping, assisting.

A person who aids or abets another to commit an offense is just as guilty of that

offense as if he committed it himself.

Therefore, you may find the defendant guilty of a substantive crime if you find

beyond a reasonable doubt that the Government has proved that another person actually

committed the crime—and that the defendant aided and abetted that person in the commission of

the crime.

As you can see, the first requirement is that another person has committed the

crime charged.   Obviously, no one can be convicted of aiding and abetting the criminal act of

another if no crime was committed by the other person.   If you do find that a crime was

committed, however, then you must consider whether the defendant aided or abetted the

15

commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek, by some act, to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.    An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged in Count One, ask yourself these questions:

-- Did he participate in the crime charged as something he wished to bring about?

-- Did he associate himself with the criminal venture knowingly and willfully?

-- Did he seek by his actions to make the criminal venture succeed?

If the answer to these questions is yes, then the defendant is an aider and abettor, and therefore guilty of the offense.    If the answer to these questions is no, then the defendant is not an aider and abettor, and is not guilty of the offense.

Adapted from Sand, Modern Federal Jury Instructions, Instrs. 11-1
and 11-2; and the charges of the Honorable John F. Keenan in
United States v. Kassir, 04 Cr. 356 (JFK) (S.D.N.Y.) (Tr. 2272-74)

16

and in <u>United States</u> v. <u>Haouari</u>, 00 Cr. 15 (JFK) (S.D.N.Y. 2001) (Tr. 1020-22).

Request No. 11          **Count Two: General Instructions**

   Now let's turn to Count Two of the Indictment.    This Count charges that the defendant conspired to provide material support or resources to the foreign terrorist organization the Islamic State of Iraq and the Levant, or ISIL, in violation of Section 2339B, Title 18, United States Code.

   Count Two focuses on the period from in or about 2014, up to and including in or about August 2015.

   *[The Court is respectfully requested to read Count Two of the Indictment.]*

   A conspiracy count is different from what is called a substantive count.    A conspiracy charge, generally speaking, alleges that two or more people plotted, schemed, or agreed together to accomplish an unlawful objective.    By contrast, Count One of the Indictment charged the defendant with a substantive offense.    A substantive count charges the defendant with the commission, or with aiding and abetting the commission, of an offense.

   The focus of a conspiracy count is whether there was an unlawful agreement. There can be no conspiracy unless at least two people reached such an agreement.    The agreement may be express or it may be implied.    It does not matter which.

   A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime.    The commission of a substantive crime may be an object of a conspiracy. Indeed, since the essence of the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the crime, the commission of which was an objective of the conspiracy, was ever even committed.    In other words, if a conspiracy exists and certain other requirements are met, the conspiracy is punishable as a crime even if its purpose is not

18

accomplished.    Consequently, in a conspiracy charge, there is no need to prove that the crime or

crimes that were the objective or objectives of the conspiracy actually were committed.

By contrast, conviction on a substantive count requires proof that the crime

charged actually was committed or attempted.    But it does not require proof of an agreement.

Of course, if a defendant both participates in a conspiracy and commits the crime or crimes that

were the object or objects of the conspiracy, the defendant may be guilty of both the conspiracy

and the substantive crime or crimes.

You have heard testimony during the trial about ISIL. The conspiracy charged in

Count One is alleged to be an agreement to provide material support to ISIL.    You need not find

that the defendant was a member of ISIL or any other organization to find that the defendant was

a member of the conspiracy in question.

> Adapted from the charges of the Honorable John F. Keenan in
> United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009)
> (Tr. 2256); the Honorable Lewis A. Kaplan in United States v.
> Greenberg, S1 05 Cr. 0888 (LAK) (S.D.N.Y. 2008); the
> Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914
> (LBS) (S.D.N.Y. 1992); see United States v. Labat, 905 F.2d
> 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the
> agreement and not the commission of the substantive offense
> that is the objective, the offense of conspiracy may be
> established even if the collaborators do not reach their goal.").

Request No. 12          **<u>Count Two: Elements of the Offense</u>**

In order to sustain its burden of proof with respect to the conspiracy charge in Count Two, the Government must prove beyond a reasonable doubt the following two elements:

<u>First</u>, the existence of the conspiracy charged in Count Two.   In other words, the Government must prove that there was, in fact, an agreement or understanding between two or more people to provide material support to a foreign terrorist organization.   Therefore, the first question for you on Count Two is:   Did the conspiracy alleged in Count Two of the Indictment exist?

<u>Second</u>, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy charged in Count Two of the Indictment.   That is, the Government must prove that the defendant knowingly associated himself with the conspiracy, and participated in the conspiracy charged in Count Two of the Indictment.

<u>Finally</u>, the Government must also prove beyond a reasonable doubt that one of the following jurisdictional requirements has been satisfied:

1)    an offender is a national of the United States or an alien lawfully admitted for permanent residence in the United States; or

2)    the offense occurs in whole or in part within the United States; or

3)    the offense occurs in or affects interstate or foreign commerce; or

4)    an offender conspires with any person over whom jurisdiction exists.

I previously instructed you, with respect to Count One, on the jurisdictional requirements, and you should apply my prior instructions here.

20

Request No. 13        **Count Two: First Element—Existence of the Conspiracy**

Starting with the first element, what is a conspiracy?   As I mentioned just a few minutes ago, a conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.   In Count Two, the unlawful purpose alleged to be the object of the conspiracy is providing material support or resources to a foreign terrorist organization – in this case, the Islamic State of Iraq and the Levant, or ISIL.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law.   The ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged here, therefore, is the <u>agreement</u> to provide material support or resources to a foreign terrorist organization.   It is an entirely distinct and separate offense from the <u>actual</u> commission of the crime of providing material support to a foreign terrorist organization.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

Now, to show a conspiracy existed, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details or the part that each of the persons who is a party to the conspiracy is going to play.   It would be quite extraordinary if there was ever such a formal document or specific oral agreement in a conspiracy.   Common sense will tell you that when people undertake to enter into a criminal

21

conspiracy, much is often left to the unexpressed understanding.   Conspirators do not usually reduce their agreement to writing.   They don't typically publically broadcast their plans.   From its very nature, a conspiracy is almost always secret in its origin and execution.

To find that a conspiracy existed, it is enough that or more people in some way or manner impliedly or tacitly came to an understanding to violate the law.   Express language or specific words are not required to indicate assent or agreement to the conspiracy.   You need only find that two or more people entered into the unlawful agreement alleged in the indictment in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement as alleged, you may consider the acts and the conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose.   The old adage, "actions speak louder than words" applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.   When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy as charged in Count Two of the Indictment.   In considering this first element, you should consider all the evidence which has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably drawn from them.   It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding

22

way to accomplish, by the means alleged, the objective of the conspiracy.

## Object of the Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree on or hope to achieve.   Count Two of the Indictment charges a conspiracy with one object -- that is, to provide material support or resources to a foreign terrorist organization.    Earlier, when I explained Count One, which charges the substantive crime of providing material support to a foreign terrorist organization, I explained the elements of that crime.

If you find that the conspiracy had the charged objective, the illegal purpose element will be satisfied.

> Adapted from the charges of the Honorable Edgardo Ramos in
> United States v. Christian, 12 Cr. 626 (ER) (S.D.N.Y. 2014) and
> United States v. Viera, 14 Cr. 83 (ER) (S.D.N.Y. 2015); the
> Honorable Paul G. Gardephe in United States v. Polos, 15 Cr.
> 692 (PGG) (S.D.N.Y. 2016); the Honorable Richard J. Sullivan
> in United States v. Awulye, 13 Cr. 875 (RJS) (S.D.N.Y. 2014);
> the Honorable John F. Keenan in United States v. Kassir, S2 04
> Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2257-58); the Honorable
> John G. Koeltl in United States v. Tian Si Lu, 01 Cr. 38 (JGK)
> (S.D.N.Y. 1992) (Tr. 1802-04); the Honorable Leonard B. Sand
> in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); see
> United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In
> order to prove conspiracy, the Government need not present
> evidence of an explicit agreement; proof of a tacit understanding
> will suffice.    The conspirators need not have agreed on the
> details of the conspiracy, so long as they have agreed on the
> essential nature of the plan, and their goals need not be
> congruent, so long as they are not at cross-purposes.") (citations
> omitted); United States v. Montour, 944 F.2d 1019, 1025 (2d
> Cir. 1991) ("To prove the existence of an agreement, the
> Government need not present evidence of a formal arrangement
> between the co-conspirators.    Rather, it is sufficient if the
> Government can demonstrate that the defendant acted together
> with others to realize a common goal.") (citations omitted).

23

See also United States v. Rubin, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

Request No. 14          **Count Two: Second Element—Membership in the Conspiracy**

The Government must prove that the defendant unlawfully, willfully, and knowingly entered into the conspiracy with a criminal intent—that is, with a purpose to violate the law—and agreed to take part in the conspiracy to further promote and cooperate in its unlawful objective.

Now, as to this element, the terms unlawfully, willfully, and knowingly mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant did join the conspiracy, the defendant knew what he was doing.   That is, that he took the actions in question deliberately and voluntarily.

"Unlawfully" means simply contrary to law.   The defendant need not have known that he was breaking any particular law or any particular rule.   He need only have been aware of the generally unlawful nature of his actions.

An act is done "knowingly" if it is done purposely and deliberately and not because of mistake, accident, negligence or other innocent reason.

An act is done "willfully" if it is a voluntary and intentional act.   That is, the defendant's actions must have been his conscious objective rather than the product of a mistake or an accident or mere negligence or some other innocent reason.

Now, I have talked about knowledge.   Knowledge is something to be inferred from the proven facts.   We do not yet have any way of looking into somebody's mind and knowing what the person is thinking.   However, you have before you evidence of certain acts that are alleged to have been taken by the defendant or that took place in his presence.

Now, it is not necessary that the defendant be fully informed as to all the details

25

of an alleged conspiracy in order for you to infer knowledge on his part.   To have guilty

knowledge, the defendant need not have known the full extent of the conspiracy.   He need not

have known all of its activities.   It is not even necessary that the defendant know or be

acquainted with all of the participants in the conspiracy.   In fact, the defendant may know only

one other member of a conspiracy and still be a co-conspirator.

The duration and the extent of the defendant's participation in a conspiracy has no

bearing on the issue of guilt.   The defendant need not have joined a conspiracy at the outset.

The defendant may have joined it for any purpose at any time in its progress, and the defendant

still will be held responsible for everything that was done before he joined and everything that is

done while the conspiracy continues to exist unless and until he affirmatively quits the

conspiracy.

Every participant in the conspiracy may perform separate and distinct acts.   They

may perform them at different times.   Some conspirators play major roles.   Other conspirators

play minor roles.   An equal role or an important role is not what the law requires.   In fact, even

a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

I do want to caution you, however, that the mere association by one person with

another person does not make that person a member of a conspiracy, even when coupled with

knowledge that a conspiracy is under way.   Mere presence at the scene of a crime, even coupled

with knowledge that a crime is taking place, is not enough to support a conviction.   In other

words, knowledge without participation is not sufficient.   What is necessary is that the

defendant participate in the conspiracy with knowledge of its unlawful purpose and with an

intent to aid in the accomplishment of its unlawful objectives.

26

In sum, the defendant, with an understanding of the generally unlawful nature of the conspiracy must intentionally have engaged, advised, or assisted in the conspiracy for the purpose of furthering its illegal objective.   The defendant thereby becomes a knowing and a willing participant of the unlawful agreement: in other words, the defendant thereby becomes a co-conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members.   So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself from it.

> Adapted from the charges of the Honorable Lewis A. Kaplan in United States v. Ghailani, S10 98 Cr. 1023 (S.D.N.Y. 2010) (LAK) (Tr. 2454-58) and United States v. Salazar-Espinosa, S3 05 Cr. 517 (S.D.N.Y. 2007) (LAK).

Request No. 15          **Count Two: Second Element (Continued)—Conscious Avoidance**

Now, in instructing you this far with respect to conspiracy, I have talked to you about the concept of knowledge.    I need to say one more thing about that concept.

In determining whether the defendant acted with the necessary knowledge or intent, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been clear.    I told you before that acts done knowingly must be the product of a defendant's conscious intention, not the product of carelessness or negligence.    A person, however, cannot willfully blind himself to what is obvious and disregard what is plainly before him.    A person may not intentionally remain ignorant of facts that are material and important to his conduct in order to escape the consequences of criminal law.

If you find beyond a reasonable doubt that the defendant intentionally participated in a conspiracy, but that the defendant deliberately and consciously avoided learning or confirming certain facts about the specific objectives of the conspiracy, then you may infer from his willful and deliberate avoidance of knowledge that the defendant did understand the objectives or goals of the conspiracy.

We refer to this notion of blinding yourself to what's staring you in the face as "conscious avoidance."    An argument of "conscious avoidance," however, is not a substitute for proof.    It is simply another element you may consider in deciding what the defendant knew.

There is a difference between knowingly participating in a conspiracy on the one hand and knowing the objects or the purpose of the conspiracy on the other hand.    Conscious avoidance cannot be used as a substitute for finding that the defendant knowingly joined the conspiracy, knew that he was becoming a party to an agreement to accomplish an alleged illegal

28

purpose.   It is, in fact, logically impossible for a defendant to join a conspiracy unless he knows

the conspiracy exists.   The defendant must know that the conspiracy is there.

However, in deciding whether the defendant knew the objectives of the

conspiracy, you may consider whether the defendant was aware of a high probability that the

objectives of the conspiracy were to commit the crime or crimes charged as the object of the

conspiracy, and nevertheless participated in the conspiracy.   You must judge from all the

circumstances and all the proof whether the Government did or did not satisfy its burden of proof

beyond a reasonable doubt.

So, in other words, if you find that the defendant was aware of a high probability

that a fact was so, and that the defendant acted with deliberate disregard of the facts, you may

find that the defendant acted knowingly.   However, if you find that the defendant actually

believed the fact was not so, then he may not have acted knowingly with respect to whatever

charge you are considering.

> Adapted from the charges of the Honorable Lewis A. Kaplan in
> United States v. Ghailani, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2010)
> (Tr. 2458-60); the Honorable John F. Keenan in United States v.
> Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2263-64), and in
> United States v. Haouari, 00 Cr. 15 (JFK) (S.D.N.Y. 2001) (Tr.
> 1034-36), aff'd sub nom. United States v. Meskini, 319 F.3d 88, 92
> (2d Cir. 2003) ("the court's conscious avoidance charge . . . . was
> neither erroneous nor prejudicial"); see generally United States v.
> Tropeano, 252 F.3d 653, 660 (2d Cir. 2001) ("a conscious
> avoidance theory may support a finding that a defendant knew of
> the objects of the conspiracy, whether or not the underlying
> substantive offenses require proof of specific intent"); United
> States v. Juncal, 245 F.3d 166 (2d Cir. 2000) (same); United States
> v. Eltayib, 88 F.3d 157 (2d Cir. 1996) (conscious avoidance may
> support finding with respect to defendant's knowledge of
> objectives or goals of conspiracy); see also United States v. Brito,
> 907 F.2d 392, 396 (2d Cir. 1990) ("A conscious avoidance charge

is appropriate when the defendant claims a lack of knowledge of
the relevant acts, but the surrounding circumstances would permit
a reasonable juror to conclude that the defendant should have
known about them."); United States v. Meskini, 319 F.3d 88, 92
(2d Cir. 2013) ("The evidence at trial was more than sufficient to
justify a jury charge of conscious avoidance and to convict Haouari
of providing material support to a terrorist act.   The district court
provided a summary of the ample evidence that, at the very least,
Haouari 'deliberately closed his eyes' to Ressams terrorist plans.")
(quoting United States v. Haouari, No. S4 00 Cr. 15 (JFK), 2001
WL 1154714, *2-*3 (S.D.N.Y. Sept. 28, 2001)).

Request No. 16          **Count Two: No Overt Act Requirement**

Count Two of the Indictment contains an "overt acts" section.

It is <u>not</u> necessary for the Government to prove that any of the overt acts alleged in Count Two took place, so long as the Government proves, as I have said, the existence of the conspiracy charged in Count One and that the defendant was a knowing and intentional member of the conspiracy.

> Adapted from the charges of the Honorable Colleen McMahon in <u>United States</u> v. <u>Watson</u>, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003); and the Honorable Richard M. Berman in <u>United States</u> v. <u>Manuel Pena</u>, S1 00 Cr. 36 (RMB) (S.D.N.Y. 2001); <u>see</u> <u>United States</u> v. <u>Abdi</u>, 498 F. Supp. 2d 1048, 1064 (S.D. Ohio 2007) (declining to read an overt act requirement into 18 U.S.C. § 2339B); <u>cf.</u> <u>United States</u> v. <u>Shabani</u>, 115 S. Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); <u>United States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it.").

Request No. 17          **Count Two: Time of Conspiracy**

        Count Two of the Indictment charges that the conspiracy in the Indictment existed

from in or about 2014, up to and including in or about August 2015.   It is not essential that the

Government prove that a conspiracy started and ended on those specific dates.   It is sufficient

that you find, beyond a reasonable doubt, that the defendant was part of the alleged conspiracy at

some point in the time frame alleged.

> Adapted from the charges of the Honorable Lewis A. Kaplan in
> United States v. Greenberg, et al., S1 05 Cr. 0888 (S.D.N.Y. 2008)
> (LAK); the Honorable Jed S. Rakoff in United States v. Kassar, S3
> 07 Cr. 354 (JSR); see also United States v. Carrero, 91 Cr. 365
> (S.D.N.Y. 1991) (JFK); United States v. Bello, 91 Cr. 571 (MBM),
> aff'd mem., 990 F.2d 622 (2d Cir. 1993).

Request No. 18          **Count Three: General Instructions**

Count Three charges that from at least in or about 2014, up to and including in or about August 2015, the defendant aided and abetted the receipt of military-type training from a foreign terrorist organization, ISIL, in violation of Title 18, United States Code, Section 2339D.

Specifically, Count Three charges, and I am reading now from the Indictment, that:

*[The Court is respectfully requested to read Count Three of the Indictment.]*

Request No. 19          **Count Three: Elements**

        To prove the defendant guilty of the crime charged in Count Three, the

Government must prove each of the following four elements beyond a reasonable doubt.

        <u>First</u>, that a person received military-type training;

        <u>Second</u>, that the person received that military-type training from or on behalf of a

designated foreign terrorist organization;

        <u>Third</u>, that the person acted knowingly; and

        <u>Fourth</u>, that one of the jurisdictional requirements, which I will explain shortly,

has been satisfied.

        Adapted from the charge of the Honorable Loretta A. Preska in
<u>United States</u> v. <u>Sabir</u>, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the
charge of the Honorable Sidney H. Stein in <u>United States</u> v.
<u>Paracha</u>, 03 Cr. 1197 (SHS) (S.D.N.Y. 2005).

Request No. 20          **Count Three: First Element—Receiving Military-Type Training**

The first element is that a person received military-type training.

I will now define the phrase "received military-type training."

A person "received" military-type training if he was provided, given, or otherwise obtained such training.

The term "military-type training" includes: "training in means or methods that can cause death or serious bodily injury, destroy or damage property, or disrupt services to critical infrastructure, or training on the use, storage, production, or assembly of any explosive, firearm or other weapon, including any weapon of mass destruction."

The term "serious bodily injury" means bodily injury which "involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ or mental faculty."

The term "critical infrastructure" may be publicly or privately owned. Examples of critical infrastructure include gas and oil production, storage, or delivery systems, water supply systems, telecommunications networks, electrical power generation or delivery systems, financing and banking systems, emergency services, and transportation systems and services (including highways, mass transit, airlines, and airports).

The term "weapon of mass destruction" includes any destructive device, a term which means any explosive, incendiary, or poison gas bomb or grenade.

> See 18 U.S.C. § 2339D(c)(1) (defining "military-type training and referencing Section 2332a(c)(2)'s definition of "weapon of mass destruction"); § 2339D(c)(2) (defining "serious bodily injury" by reference to section 1365(h)(3); § 2339D(c)(3) (defining "critical infrastructure").

Request No. 21        **Count Three: Second Element—Foreign Terrorist Organization**

      The second element is that the person received military-type training from, or on behalf of, a foreign terrorist organization.   For an organization to qualify as a "foreign terrorist organization," it must have been designated as such by the Secretary of State.

      [*If applicable: The parties have stipulated that ISIL has been designated as a foreign terrorist organization by the Secretary of State, and was so designated by the Secretary throughout the period covered by the Indictment.*]

      Adapted from the charge of the Honorable Loretta A. Preska in
United States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and
Honorable Sidney H. Stein in United States v. Paracha, 03 Cr.
1197 (SHS) (S.D.N.Y. 2005).

36

Request No. 22          **Count Three: Third Element—Knowingly**

The third element is that, in receiving military-type training from or on behalf of a foreign terrorist organization, the person acted "knowingly."

To prove this, the Government must prove two things.

First, that the person acted voluntarily and intentionally, and not because of mistake or accident.

Second, the Government must prove that, during the course of the charged crime, the person knew that the Islamic State of Iraq and the Levant, or ISIL, had been designated by the Secretary of State as a "foreign terrorist organization," or that the person knew that ISIL engaged in "terrorist activity," or that the person knew that ISIL engaged in "terrorism."

The terms "foreign terrorist organization," "terrorist activity," "engaging in terrorist activity," and "terrorism" have the same meanings as they do with respect to Counts One and Two.

As to Count Three, the Government has satisfied its burden of proof with respect to the third element if you conclude beyond a reasonable doubt that the person had specific knowledge that ISIL had been designated a foreign terrorist organization by the United States Government, or that ISIL engaged in terrorist acts of the type I have listed, or that ISIL engaged in "terrorism" as I have defined that term.

As part of your finding, you must unanimously agree with respect to at least one of the three categories of knowledge the person had.

Adapted from the charges of the Honorable John F. Keenan in United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2279-80); the Honorable Loretta A. Preska in United States v. Sabir, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the charge of the

Honorable Sidney H. Stein in <u>United States</u> v. <u>Paracha</u>, 03 Cr. 1197 (SHS) (S.D.N.Y. 2005) (Tr. 1521-22). <u>see</u> 18 U.S.C. § 2339D(c)(4) (current version) (defining "foreign terrorist organization" by reference to 8 U.S.C. § 1189(a)).

Request No. 23          **Count Three: Fourth Element—Jurisdiction**

For the purpose of Count Three, the Government must also prove beyond a reasonable doubt that one of the following jurisdictional requirements has been satisfied:

1)   an offender is a national of the United States or an alien lawfully admitted for permanent residence in the United States; or

2)   the offense occurs in whole or in part within the United States; or

3)   the offense occurs in or affects interstate or foreign commerce; or

4)   an offender aids or abets any person over whom jurisdiction exists.

For these purposes, the terms "national of the United States," "lawfully admitted for permanent residence," and "interstate or foreign commerce" have the same definition I gave before with Count One.

The Government has satisfied its burden if you find beyond a reasonable doubt that either of these four jurisdictional requirements has been satisfied.   As part of your finding, you must unanimously agree as to which of the four requirements, or all, has been satisfied.

39

Adapted from the charges of the Honorable Loretta A. Preska in
<u>United States</u> v. <u>Sabir</u>, 05 Cr. 673 (LAP) (S.D.N.Y. 2005); and the
Honorable Sidney H. Stein in <u>United States</u> v. <u>Paracha</u>, 03 Cr.
1197 (SHS) (S.D.N.Y. 2005). <u>See</u> 18 U.S.C. § 2339D(b)(1)
(current version) (setting out jurisdictional elements).

Request No. 24            **Count Three: Aiding and Abetting**

        With respect to Count Three, you may find the defendant guilty on that count if you find beyond a reasonable doubt that the defendant aided and abetted another person who committed the crime of receiving military-type training from a designated foreign terrorist organization, even if the defendant himself did not receive military-type training from a designated foreign terrorist organization.   I have instructed you with respect to aiding and abetting, and you should apply my prior instructions here.

        As I explained previously, a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.   It is not necessary for the Government to show that the defendant physically committed the crime with which he is charged in order for you to find him guilty.

41

Request No. 25          **Count Four: General Instructions**

Count Four charges that from in or about 2014, up to and including in or about August 2015, the defendant participated in a conspiracy to receive military-type training from and on behalf of a designated foreign terrorist organization—in this case, the Islamic State of Iraq and the Levant, or ISIL—in violation of Title 18, United States Code, Sections 371 and 2339D.

Specifically, Count Four charges, and I am reading now from the Indictment, that:

*[The Court is respectfully requested to read Count Four of the Indictment.]*

As I previously explained, the crime of conspiring is its own independent offense. Thus, even if you find that the Government has not proved the substantive offense, charged in Count Three, you may still find the defendant guilty of the conspiracy charge.

Request No. 26          **Count Four: Elements of the Offense**

To satisfy its burden of proof with respect to Count Four, the Government must establish each of the following three elements beyond a reasonable doubt:

First, the existence of an unlawful agreement, that is, an agreement among two or more persons to violate the law;

Second, that the defendant knowingly and willfully joined the conspiracy, that is, the he knowingly and willfully joined in the agreement to violate the law;

Third, that an overt act occurred, that is, that someone within the conspiracy took some action to advance the goal or goals of the conspiracy.

Finally, the Government must also prove beyond a reasonable doubt that one of the following jurisdictional requirements has been satisfied:

1)      an offender is a national of the United States or an alien lawfully admitted for permanent residence in the United States; or

2)      the offense occurs in whole or in part within the United States; or

3)      the offense occurs in or affects interstate or foreign commerce; or

4)      an offender conspires with any person over whom jurisdiction exists.

I previously instructed you, with respect to Count Three, on the jurisdictional requirements, and you should apply my prior instructions here.

I previously instructed you, with respect to Count Two, on the concepts of the existence of a conspiracy, knowing membership in a conspiracy, and conscious avoidance.   You should apply those instructions here with respect to Count Four.

However, unlike the conspiracy alleged in Count Two, the conspiracy alleged in

43

Count Four, requires a third, additional element:    the requirement of an overt act.    I will instruct you on the overt act requirement in just a moment.

I will also note that the object, or illegal purpose, of the conspiracy charged in Count Four is to receive military-type training from or on behalf of a foreign terrorist organization—in this case, the Islamic State of Iraq and the Levant, or ISIL.    You need not find that the defendant himself received military-type training from and on behalf of ISIL, or any other organization, to find that the defendant was a member of the conspiracy in question.

This is different than the object of the conspiracy charged in Count Two. Earlier, when I explained Count Three, I explained the elements of the substantive crime of receiving military-type training from or on behalf of a foreign terrorist organization.

> Adapted from the charges of the Honorable John F. Keenan in United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2282-86), and in United States v. Haouari, 00 Cr. 15 (JFK) (S.D.N.Y. 2001) (Tr. 1022-34); and from Sand, Modern Federal Jury Instructions, Instr. 19-3. See also United States v. Maldonado-Rivera, 922 F.2d 934, 961-62 (2d Cir. 1990) (quoting district court charge setting forth three elements of conspiracy); United States v. Ciambrone, 787 F.2d 799, 810 (2d Cir. 1986) (discussing elements of conspiracy).

Request No. 27          **Count Four: Overt Act Requirement**

As I mentioned previously, the conspiracy charged in Count Four requires that an overt act occurred; that is, that someone within the conspiracy took some action to advance the goal or goals of the conspiracy.   The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.   The requirement of an overt act is a requirement that some step or action to further the conspiracy be taken, during the life of the conspiracy, by one of the co-conspirators.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all or even any of the particular overt acts alleged in the Indictment.   Nor must you find that the defendant himself committed any overt act.

It is sufficient for the Government to show that the defendant, or one of his alleged co-conspirators, knowingly committed an overt act in furtherance of the conspiracy— whether or not that particular overt act is listed in the Indictment.

You should bear in mind that an overt act, standing alone, may itself be an innocent, lawful act.   Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that an overt act does not have to be an act which in and of itself is criminal.   Similarly, an overt act does not have to, itself, constitute an objective of the conspiracy.

> Adapted from the charges of the Honorable John F. Keenan in
> United States v. Kassir, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr.
> 2265-66) and in United States v. Haouari, 00 Cr. 15 (JFK)
> (S.D.N.Y. 2001) (Tr. 1032-34).   See generally United States v.
> Frank, 156 F.3d 332, 337 (2d Cir. 1998) ("[T]he district court's
> instruction is entirely consistent with the well-established rule of

this and other circuits that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendant.") (citing cases); <u>United States</u> v. <u>Bryan</u>, 122 F.3d 90, 93 (2d Cir. 1997) ("[D]efendant argues that the district court erred in charging the jury that an overt act not included in the indictment can constitute the foundation of a conspiracy conviction.   Defendant's argument fails.   The court has specifically held that a conspiracy 'conviction may rest on an overt act not charged in the indictment.'") (quoting <u>United States</u> v. <u>Armone</u>, 363 F.2d 385, 400 (2d Cir. 1966)).

Request No. 28          **Venue**

Federal law provides rules that govern where, that is, in what district, a criminal prosecution may be brought by the Government.    These are known as "venue" rules.    In addition to all of the elements I have described, you must also decide whether any act in furtherance of each of the charged crimes occurred within the Southern District of New York, which includes Manhattan, the Bronx, Westchester, and Orange County.    This means that, with regard to each count, you must decide whether the crime charged in a particular count or any act committed to further or promote the crime, occurred within the Southern District of New York.

I note that on the issue of venue and on this issue alone, the Government need not prove its position beyond a reasonable doubt.    It is sufficient if the Government proves venue by a mere preponderance of the evidence.    To prove something by a preponderance of the evidence means to prove that it is more likely true than not true.    It is determined by considering all of the evidence and deciding which evidence is more convincing.    If the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve this question against the Government.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand, Modern Federal Jury Instructions, Instr. 3-11; see 18 U.S.C. § 3237 (general venue provision for offenses committed in more than one district); see United States v. Naranjo, 14 F.3d 145, 147 (2d Cir. 1994) ("[P]hone calls from one district into another can establish venue in the latter district so long as they further the ends of the conspiracy."); United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).    See also United States v. Rivlin, No. 05 Cr. 524 (SHS), 2007 WL 4276712, at *4 (S.D.N.Y. Dec. 5, 2007) (noting that 18 U.S.C. § Section 641 is "a continuing

47

offense") (citing <u>United States</u> v. <u>Blizzard</u>, 27 F.3d 100, 101 (4th Cir. 1994)).

Request No. 29          **Time of Crimes and Variance in Dates**

The Indictment refers to various dates.   It does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.   The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

It also is not essential that the Government prove that the charged crimes started and ended at those times specified in the Indictment.   It is sufficient if you find that the conspiracies and substantive crimes charged existed for some of the time within the period set forth in the Indictment.   For example, the Indictment alleges that the conspiracy charged in Count One existed from at least in or about 2014 up to and including in or about August 2015. It is not essential that the Government prove that the defendant committed this crime on those precise dates; it is sufficient that you find, beyond a reasonable doubt, that the defendant was part of that conspiracy at some point inside the time frame alleged.   As I instructed you before, the duration and the extent of a defendant's participation in a conspiracy has no bearing on the issue of guilt.   A defendant need not have joined a conspiracy at the outset.   A defendant may have joined it for any purpose at any time in its progress, and the defendant still will be held responsible for everything that was done before he joined and everything that is done while the conspiracy continues to exist unless and until he affirmatively quits the conspiracy.

Adapted from the charges of Honorable John F. Keenan in United States v. Haouari, 00 Cr. 15 (JFK) (S.D.N.Y. 2001); and the Honorable Edward Weinfeld in United States v. Della Rocca, 72 Cr. 217 (EW) (S.D.N.Y. 1972).

49

Request No. 30            **Cooperating Witnesses (if applicable)**

You have heard the testimony of [a] witness[es] who has been promised by the Government that in exchange for cooperating and testifying truthfully, completely, and fully, he will not be prosecuted for any crimes in which he may have participated, to the extent he has disclosed those crimes to the Government.   Let me say a few things that you should consider during your deliberations on the subject of the testimony of cooperating witnesses.

You are not to draw any inferences of any kind about the guilt of the defendant merely from the fact that the witnesses entered into a non-prosecution agreement with the Government.   The witnesses made personal decisions based on their own evaluation of the facts and circumstances.   A witness's decision to cooperate with the Government is not evidence that the defendant committed a crime.

However, cooperating witnesses are frequently used by the Government to obtain leads and to obtain information about people suspected of violating the law.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses who participated in the criminal activity about which they testified in a trial.   For those very reasons, the law allows the use of the testimony of cooperating witnesses.   In fact, in federal courts, the law is that the testimony of a cooperating witness in itself may be enough for conviction if the jury believes it proves guilt beyond a reasonable doubt.   So the testimony of the cooperating witnesses is properly considered by you.

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection,

50

his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You heard testimony about an agreement between the Government and the cooperating witness.   I must caution you that it is no concern of yours why the Government made an agreement with a particular witness.   Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether the witness would benefit more by lying, or by telling the truth.   Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?   Or did he believe that his interests would be best served by testifying truthfully?   If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?   Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.   If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.   Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.   That is a determination entirely for you, the jury.

51

Adapted from the charges of the Honorable Lewis A. Kaplan in
<u>United States</u> v. <u>Redden</u>, 02 Cr. 1141 (LAK) (S.D.N.Y. 2004); the
Honorable Paul G. Gardephe in <u>United States</u> v. <u>Martoma</u>, 12 Cr.
973 (PGG) (S.D.N.Y. 2014); the Honorable John F. Keenan in
<u>United States</u> v. <u>Smith</u>, 02 Cr. 104 (JFK) (S.D.N.Y. 2002); the
Honorable Richard J. Sullivan in <u>United States</u> v. <u>Khalif Phillips</u>,
13 Cr. 723 (RJS) and in <u>United States</u> v. <u>Adony Nina</u>, 13 Cr. 322
(RJS); Sand, Modern Federal Jury Instructions, Instrs. 7-5,
7-8; and *see* <u>United States</u> v. <u>Ramirez</u>, 973 F.2d 102, 104-06 (2d
Cir. 1992).

Request No. 31          **Use of Recordings (if applicable)**

   The Government has offered evidence in the form of audio and video recordings. Whether you approve or disapprove of the recording or interception of those conversations may not enter your deliberations.    I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful and it was properly admitted into evidence at this trial.

   You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

   Adapted from the Hon. Paul A. Engelmayer, Jury Charge, <u>United States</u> v. <u>Kelvin Martinez</u>, 13 Cr. 699 (S.D.N.Y. 2014).

Request No. 32          **<u>Translations</u>**

Some portions of the recordings and documents introduced into evidence were in foreign languages, specifically, Arabic.   For that reason, it was necessary for the Government to obtain translations of those conversations into English.   I emphasize to you that even if you understand the Arabic, it is the English translation of the transcript or document that is the evidence and not the foreign language version.   In addition, in case any of you speak Arabic, you may not second guess the interpreter.   Remember that the jury is the ultimate fact-finder and, as with all of the evidence, you may give the transcripts such weight, if any, as you believe they deserve.

*[If applicable]*   In addition, for certain English-language recordings, the Government has provided documents containing the Government's interpretation of what appears on the recordings.   Those were given to you as an aid or guide to assist you in listening to the recordings.   However, as to those transcripts of discussions that were in English, the transcripts are not in and of themselves evidence.   You alone should make your own interpretation of what appears on the recordings based on what you heard.   If you think you heard something differently than what appeared on the transcript, then what you heard is controlling.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 5-9, 5-10, 5-11; and the charge of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992). <u>See</u> <u>United States</u> v. <u>Ulerio</u>, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence).

Request No. 33          **Particular Investigative Techniques Not Required (if applicable)**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.    There is no legal requirement, however, that the Government prove its case through any particular means.    While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.    The Government is not on trial.    Law enforcement techniques are not your concern.

Your concern is to determine whether, on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt for each count.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 4-4;
> and from the charges of the Honorable Pierre N. Leval in United
> States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and the
> Honorable John F. Keenan in United States v. Medina, 91 Cr. 894
> (JFK) (S.D.N.Y. 1992).

Request No. 34                **Statements of The Defendant**

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you.   You are to give the statements such weight as you feel they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.   I instruct you that the statements were both made and obtained in a lawful manner, and that no one's rights were violated and that the Government's use of this evidence is entirely lawful.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 5-19 and 5-20, and from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of Government's use of tape recordings).

Request No. 35          **Consciousness of Guilt from Evidence of False Exculpatory**
                        **Statements (if applicable)**

You have heard testimony that the defendant made certain statements to law enforcement agents in which he denied certain conduct or claimed certain conduct was consistent with innocence and not with guilt.   The Government claims that these statements in which the defendant exonerated or exculpated himself are false.

False exculpatory statements are circumstantial evidence of a defendant's consciousness of guilt and have independent probative value.   If you find that the defendant made a false statement in order to divert suspicion from himself, you may, but are not required to, draw the conclusion that the defendant believed that he was guilty.   You may not, however, draw the conclusion on the basis of this alone that the defendant is, in fact, guilty of the crimes with which he is charged.

Whether or not evidence as to a defendant's statements shows that he believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-11;
> see United States v. Gaviria, 740 F.2d 174, 184 (2d Cir. 1984)
> ("[F]alse exculpatory statements made to law enforcement officials
> are circumstantial evidence of a consciousness of guilt and have
> independent probative force") (quoting United States v. Johnson,
> 513 F.2d 819, 824 (2d Cir. 1975)).

57

Request No. 36          **<u>Preparation of Witnesses</u>**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, you should keep in mind that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.   Such consultation helps conserve your time and the Court's time.   In fact, it would be unusual for a lawyer to call a witness without having such a consultation beforehand.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

Request No. 37          **<u>Stipulation of Facts (if applicable)</u>**

        In this case you have heard evidence in the form of stipulations of fact.    A stipulation of fact is an agreement between the parties that a certain fact is true.    You should regard such agreed facts as true.

        Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-6.

Request No. 38          **<u>Stipulation of Testimony (if applicable)</u>**

In this case you have also heard evidence in the form of various stipulations of testimony.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.    You must accept as true the fact that the witness would have given the testimony.    However, it is for you to determine the effect to be given that testimony.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-7.

Request No. 39          **<u>Persons Not on Trial</u>**

         You may not draw any inference, favorable or unfavorable, towards the Government or the defendant, from the fact that any person in addition to the defendant is not on trial here.   You also may not speculate in any way as to the reason or reasons why other persons are not on trial.   Those matters are wholly outside your concern and have no bearing on your function as jurors.

         Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-4.

Request No. 40          **<u>Defendant's Testimony (if applicable)</u>**

        A defendant in a criminal case never has any duty to testify or come forward with any evidence.   This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and a defendant is presumed innocent.   In this case, the defendant did testify and was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

        <u>See</u> <u>United States</u> v. <u>Brutus</u>, 505 F.3d 80, 88 & n.7 (2d Cir. 2007);
<u>United States</u> v. <u>Gaines</u>, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

Request No. 41          **Defendant's Right Not to Testify (If Requested by the Defense)**

The defendant did not testify in this case.    Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.    That burden remains with the Government throughout the entire trial.    It never shifts to a defendant.    In our system, a defendant is not required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because the defendant did not take the witness stand.    You may not consider this against the defendant in any way.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

Request No. 42            **<u>Character Testimony (if applicable)</u>**

You have heard testimony that the defendant has a good reputation for honesty and truthfulness in the community where he lives.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that he committed the crimes charged.

> Adapted from the charge in <u>United States</u> v. <u>Pujana-Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).   A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal.   <u>See id.</u> (strongly criticizing such charges as "potentially misleading and confusing").

Request No. 43          **Uncalled Witness Equally Available to Both Sides (if applicable)**

    There are people whose names you heard during the course of the trial, but who did not appear here to testify.   I instruct you that all parties had an equal opportunity or lack of opportunity to call any of these witnesses.   Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.

    You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

    Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

Request No. 44          **Charts and Summaries (if applicable)**

   Some charts and summaries were shown to you to make the other evidence more meaningful and to aid you in considering the evidence.   They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

   It is for you to decide whether the charts correctly present the information in the testimony and the documents on which they were based.   You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

   Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-13.

66

Request No. 45          **<u>Expert Testimony (if applicable)</u>**

You have heard testimony from people who are classified as expert witnesses. An expert is allowed to express his or her opinion on matters about which he has specialized knowledge and training.   Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether to believe a witness' testimony.   You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept witness testimony simply because the witness is an expert.   Nor should you substitute such testimony for your own reason, judgment, and common sense.   The determination of the facts in this case rests solely with you.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-21.

Request No. 46          **Evidence Obtained Pursuant to Searches**

You have heard testimony about evidence that was seized in various searches. Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.   Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from the charge of the Honorable Pierre N. Leval in
United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd,
968 F.2d 146 (2d Cir. 1992).

Request No. 47          **<u>Redaction of Evidentiary Items (if applicable)</u>**

        During the course of the trial, we have seen, among the exhibits received in evidence, some documents or recordings that are redacted.    "Redacted" means that part of the document or recording was taken out.    You are to concern yourself only with the part of the item that has been admitted into evidence.    You should not consider any possible reason why the other part of it has been deleted.

69

Request No. 48        **Multiple Counts**

As I noted at the beginning, the Indictment contains four counts.    Each count charges the defendant with a different crime.

You must consider each count of the Indictment separately, and you must return a separate verdict for each count in which the defendant is charged.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-8.

70

Request No. 49          **Punishment Is Not to Be Considered By The Jury**

   In determining whether the Government has proven the charges beyond a reasonable doubt, you should not consider the question of possible punishment, in the event you are to find the defendant guilty as charged.   Under our system, sentencing or punishment is exclusively the function of the court.   It is not your concern and you should not give any consideration to that issue in determining what your verdict will be.

   Therefore, I instruct you not to consider punishment or possible punishment at all in your deliberation in this case.

   Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 9-1.

71

Request No. 50          **Sympathy: Oath as Jurors**

       Under your oath as jurors you are not to be swayed by sympathy.    You are to be guided solely by the evidence in the case, and the crucial question that you must ask yourselves as you sift through this evidence is:    Has the Government proven its case beyond a reasonable doubt?    You are to determine this solely on the basis of the evidence and subject to the law as I have charged you.

       Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 2-12.

Request No. 51          **Right to Hear Testimony; Communications with the Court; Note-Taking**

You are about to go into the jury room and begin your deliberations.    If during those deliberations you want to see any of the exhibits, please ask for them.    If you want any of the testimony read to you, or given to you in hard copy, that can be done.    But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of testimony which you may want.

Your requests for exhibits or testimony—in fact, any communications with the court—should be made to me in writing, signed by your foreperson, and given to one of the Marshals.    I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.    In any communication, please do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a unanimous verdict is reached.

Some of you have taken notes during parts of the trial.    Please recall my earlier instruction regarding note-taking.    Notes can be useful to focus a note-taker's attention, and may aid the recollection of the note-taker.    Note-taking may, however, distract a note-taker from hearing or seeing other important evidence.    Notes should be used solely to refresh the note-taker's recollection of the testimony, and are not a substitute for the transcript of the testimony, which has been taken down verbatim by the court reporter.    Just because one juror has taken notes does not mean the notes are any more accurate than any other jurors' recollection.    And please remember that if notes were taken during the lawyers' arguments, the lawyers' arguments are not evidence.

73

Request No. 52          **Verdict Must Be Unanimous**

Your function now is to weigh the evidence in this case and to determine whether the Government has proven its case with respect to each Count and beyond a reasonable doubt.

You must base your verdict solely on the evidence and these instructions as to the law.   You are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.   To return a verdict, it is necessary that each juror agree.   Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to re-examine your own views, and to change an opinion if you become convinced that it is mistaken.   But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or merely for the purpose of returning a verdict.

Remember at all times, you are not partisans.   You are judges—judges of the facts.   Your sole interest is to seek the truth from the evidence in the case.   Remember that your verdict must be rendered without fear or favor, and without prejudice or sympathy.

You are free to select any foreperson you like.   The foreperson will preside over your deliberations, and will be your spokesperson here in court.   That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater

74

weight than that of any other juror.   During your deliberations, please communicate with the

court only in writing and only through your foreperson.

Dated:        New York, New York
              October 3, 2016

                         Respectfully submitted,

                         PREET BHARARA
                         United States Attorney
                         Southern District of New York
                         Attorney for the United States
                         of America


              By:     _____/s/_____
                         Andrew J. DeFilippis
                         Brendan F. Quigley
                         Negar Tekeei
                         Assistant United States Attorneys
                         (212) 637-2231 / -2190 / -2482