UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -  x
UNITED STATES OF AMERICA            :
                                    :
        - v -                       :
                                    :        **15 Cr. 588 (ER)**
**AHMED MOHAMMED EL GAMMAL,**       :
            Defendant.              :
- - - - - - - - - - - - - - - -  x


**DEFENDANT AHMED MOHAMMED EL GAMMAL'S REQUESTS TO CHARGE**


                        Federal Defenders of New York
                        Daniel Habib, Esq.
                        Annalisa Miron, Esq.
                        Sabrina Shroff, Esq.
                        Attorneys for Defendant
                            **Ahmed Mohammed El Gammal**
                        52 Duane Street - 10th Floor
                        New York, NY 10007
                        Tel.: (212) 417-8769


TO:     PREET BHARARA, ESQ.
        United States Attorney
        Southern District of New York
        1 St. Andrew's Plaza
        New York, NY 10007

Attn:   **Andrew DeFilippis, Esq.,**
        **Brendan Quigley, Esq.,**
        **Negar Tekeei, Esq.**
        Assistant United States Attorneys

Pursuant to Fed. R. Crim. P. 30(a), the defense submits the following requests to charge.  We respectfully reserve the right to modify and/or supplement these requests as necessary in light of the trial evidence; in particular, to request an instruction on the defense theory.  See, e.g., United States v. Dove, 916 F.2d 41, 47 (2d Cir. 1990) ("[A] criminal defendant is entitled to instructions relating to his theory of defense, for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court.").

**General Charges**

We request that the Court charge the jury as set forth in Leonard J. Sand et al., Modern Federal Jury Instructions (Criminal) (Matthew Bender 2016) ("Sand"), with respect to the following:

- Role of the Court (Instruction No. 2-2)
- Role of the Jury (2-3)
- Juror Obligations (2-4)
- The Government as Party (2-5)
- Conduct of Counsel (2-8)
- Reasonable Doubt (4-2)
- Testimony, Exhibits, Stipulations, and Judicial Notice in General (5-4)
- Judicial Notice, Stipulation of Facts, Stipulation of Testimony (as applicable) (5-5, 5-6, and 5-7)
- Improper Consideration of Defendant's Right Not To Testify (if applicable) (5-21)
- Law Enforcement Witness (7-16)
- Expert Witness (Generally) (7-21)

- Right To See Exhibits and Hear Testimony; Communications With Court (9-3)
- Duty To Consult and Need for Unanimity (9-7)

**Defendant's Request to Charge No. 1: Presumption of Innocence**

Mr. El Gammal has pleaded not guilty and has denied every allegation against him.  That means the government has the burden to prove him guilty beyond a reasonable doubt.  That burden of proof never shifts to Mr. El Gammal.  A defendant in a criminal case never has the burden to call any witnesses or produce any evidence.  Even though Mr. El Gammal has presented evidence in his defense, it is not his burden to prove himself not guilty.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

In other words, Mr. El Gammal starts with a clean slate. He is presumed innocent of all charges against him, and he must be presumed to be innocent by you throughout your deliberations, until such time, if ever, that you as a jury unanimously find that the government has proven him guilty beyond a reasonable doubt.  The presumption of innocence alone requires you to acquit Mr. El Gammal if the government fails to prove him guilty beyond a reasonable doubt.

**Source:**   Sand 4-1; Charge of the Hon. John Gleeson, United States v. Medunjanin, 10 Cr. 19 (JG) (E.D.N.Y.), Tr. 2011-12, attached as Exhibit A.

**Defendant's Request to Charge No. 2: Direct and Circumstantial Evidence**

There are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty.  One type of evidence is called direct evidence.  Direct evidence is a witness's testimony as to what he or she personally saw, heard, or observed.  In other words, when a witness testifies about what is known of the witness's own knowledge, by virtue of his or her own senses, what he or she sees, feels, touches, or hears, that is called direct evidence.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact indirectly, by inference from another fact.  For example, if a fact in dispute is whether it is raining at the moment, none of us in this room can testify directly to that without looking out a window.  Assume, however, that we cannot see outside, and that as we are sitting here, a person walks in the courtroom wearing a raincoat that is dripping wet and carrying an umbrella dripping water.  We may infer that it is raining outside.  On the other hand, that inference might be incorrect because it may have stopped raining before the person entered the courtroom. In other words, the fact of rain is an inference that could be drawn from the wet raincoat and dripping umbrella, but need not be.  Each juror must be guided by his or her own common sense, experience or judgment, in determining what inference, if any, is justified or reasonable under all the circumstances presented.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. The law requires that before any defendant may be convicted, the jury must be satisfied that the government has proved Mr. El Gammal's s guilt on a particular charge beyond a reasonable doubt after review of all the evidence in the case, direct and circumstantial.  If you find that the evidence gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence on a particular charge then you must find Mr. El Gammal not guilty of that charge.

**Source:**   Charge of the Hon. Robert P. Patterson, Jr., United States v. Soto, 12 Cr. 556 (RPP) (S.D.N.Y.); see also 1st Cir. Pattern Instr. 3.05; 9th Cir. Pattern Instr. 1.5; United States v. Glenn, 312 F.3d 58, 70 (2d Cir. 2002) (reversing a conviction for insufficiency of evidence because the government's evidence gave nearly equal circumstantial support to a theory of innocence and holding "if the evidence, viewed in the light most

favorable to the prosecution, gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt").

**Defendant's Request to Charge No. 3: Witness Credibility (Including Defendant, If Applicable)**

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;
- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

(If applicable:)

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and Mr. El Gammal is presumed innocent.  In this case, Mr. El Gammal did testify and he was subject to cross-examination like any other witness.  You should judge Mr. El Gammal's testimony in the same way that you judge the testimony of any other witness.

**Source:**  United States v. Gaines, 457 F.3d 238, 249 & nn.8-9 (2d Cir. 2006); Sand 7-1 and 7-2.

**Defendant's Request to Charge No. 4: Improper Considerations**

In our legal system, we only have crimes that are defined by statute.  The fact that something may be repugnant to you, or may be something that you think is morally wrong, is irrelevant. Statutes define our crimes, and later, I will talk to you about the specific individual statutes the defendant is charged with violating, as well as how they break down into their elements -- the facts that the government must prove beyond a reasonable doubt.  Some vague feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever.  You must break each crime down to its elements to see if there is proof beyond a reasonable doubt as to each.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

The government has suggested that the defendant held views, advocated positions, and associated with others who believe in ideas espoused by terrorist groups, or supportive of terrorist groups.  You must not conclude that the defendant is guilty simply because he exercised his right, under the First Amendment to our Constitution, to express his views, or to associate, meet, or communicate with other people who shared those views. Nor may you conclude that the defendant is guilty because you disagree with his views, or find those views to be unusual, unorthodox, offensive, or even extreme.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age.  All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.  Similarly, it would be improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

As you consider each count, the only question for you to answer will be whether the government has carried its burden of proving the elements of that count beyond a reasonable doubt. There's never any permissible substitute for guilt beyond a reasonable doubt of the elements of the charge you are considering.  This defendant is not on trial for harboring extremist views, political or religious, and if you find that he harbored such views, you cannot allow that to act as a substitute for proof beyond a reasonable doubt of the elements of any of the charges.

Likewise, you are not being asked whether any other person has been proven guilty.  Your verdict should be based solely upon the evidence or lack of evidence as to this defendant, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.  The defendant is not on trial for associating with or being friends with people who harbor extremist views, or who may have committed acts of terrorism.  Guilt is personal, and you cannot consider another person's extremist views or acts of terrorism as evidence against this defendant.

**Source:**   Sand 2-11 and 2-18; Charge of the Hon. John Gleeson, United States v. Medunjanin, 10 Cr. 19 (JG) (E.D.N.Y.), Tr. 2025-26, attached as Exhibit A; United States v. Kaziu, 559 F. App'x 32, 35-36 (2d Cir. 2014); Charge of the Hon. Nicholas G. Garaufis, United States v. Pugh, at 18, attached as Exhibit B.

**Defendant's Request to Charge No. 5: Knowingly and Intentionally**

    All of the charges in this case require the government to prove, beyond a reasonable doubt, that Mr. El Gammal acted knowingly and intentionally, so let me define those terms for purposes of all charges.

    A person acts knowingly if he acts intentionally and voluntarily, not because of ignorance, mistake, accident, or carelessness.  Whether a defendant acted knowingly may be proven by his conduct and all the facts and circumstances of the case. A person acts intentionally when he acts deliberately and purposefully.  That is, the defendant's acts must have been the product of his conscious objective, rather than the product of mistake or accident.

**Source**:   Sand 3A-1 and 3A-4; Charge of the Hon. John Gleeson, <u>United States v. Medunjanin</u>, 10 Cr. 19 (JG) (E.D.N.Y.), Tr. 2020-21, <u>attached as</u> Exhibit A.

**Defendant's Request to Charge No. 6: Aiding and Abetting**

With respect to Counts One and Three, the defendant is charged with aiding and abetting others to commit a crime. Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof.  A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged.  Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to convict a defendant of aiding and abetting a crime, the government must prove beyond a reasonable doubt two more things:

- One, the defendant intended to aid in that crime's commission.  An intent to aid in some different or lesser offense is not sufficient.  Instead, the intent must go to the specific and entire crime charged.  A person who actively participates in a criminal scheme with full knowledge of its extent and character intends that scheme's commission.
- Two, the defendant participated in the crime by doing some act to aid in the completion of one element of the crime.  To establish that the defendant participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime by aiding in accomplishing one of its elements.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding

and abetting.  One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

**Source:**   Sand 11-2; <u>Rosemond v. United States</u>, 134 S. Ct. 1240, 1246-49 (2014).

**Defendant's Request to Charge No. 7: Indictment and Overview**

Let me turn now to the specific charges.  The defendant, Ahmed Mohammed El Gammal, is charged with various crimes about which I will instruct you shortly.  Each charge is called a "count."  I will refer to each count by the number assigned to it in the charging instrument, called an indictment.  But you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence.

The Indictment contains four counts.  Counts 1 and 2 charge the defendant with providing, aiding and abetting the provision of, and conspiring to provide material support to a designated foreign terrorist organization, namely, the Islamic State in Iraq and the Levant, or, as I'll call it throughout these instructions, "ISIL."  Counts 3 and 4 charge the defendant with aiding and abetting the receipt of, and conspiring to receive, military-type training from ISIL.

The defendant has pleaded not guilty to these charges.

You must consider each of the four counts separately and return a separate verdict of not guilty or guilty for each.

**Source:**   Sand 3-1, 3-2, and 3-6.

12

**Defendant's Request to Charge No. 8: Count One**

I will instruct you first on Count One, which charges the defendant with providing material support to a designated foreign terrorist organization.

Specifically, Count One of the indictment alleges that between 2014 and August 2015, the defendant and others knowingly and intentionally provided personnel to ISIL.

You may not find the defendant guilty of Count One unless the government has proven beyond a reasonable doubt the following elements:

First, that the defendant provided personnel;

Second, that the defendant provided such personnel to a foreign terrorist organization, namely, ISIL;

Third, that the defendant acted knowingly and intentionally; and

Fourth, that the defendant is a citizen of the United States.

In addition to the foregoing elements of the offense, you must consider whether any act in furtherance of the crime occurred within the Southern District of New York.

You are instructed that the Southern District of New York encompasses, among other places, Manhattan, Bronx, Westchester, Dutchess, and Orange Counties.

In this regard, the government need not prove that the crime itself was committed in this district or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district.  If you find that the government his failed to prove that any act in furtherance of the crime occurred within this district -- or if you have a reasonable doubt on this issue -- then you must acquit.

**Source:**   18 U.S.C. § 2339B; Charge of the Hon. John Gleeson, United States v. Medunjanin, 10 Cr. 19 (E.D.N.Y.), Tr. 2025-26, attached as Exhibit A; Charge of the Hon. Nicholas G. Garaufis, United States v. Pugh, 15 Cr. 116 (E.D.N.Y.), at 23, attached as Exhibit B; Sand 3-11.

**Defendant's Request to Charge No. 9: Count One, First Element**

With respect to the first element, the government must prove beyond a reasonable doubt that the defendant knowingly provided personnel.  Personnel means one or more individuals, which may include oneself.

This law does not prohibit being a member of ISIL, nor does it prohibit advocating ISIL's political goals.  What is prohibited is providing personnel.

In order to convict the defendant on Count One, you must find that he knowingly provided personnel to work under ISIL's direction or control.  People who act independently of ISIL, even if it is to advance ISIL's goals or objectives, are not working under ISIL's direction or control.  So, if you find that Mr. El Gammal acted independently of ISIL, you must find him not guilty.  The law does not prohibit independent activities not directed to, coordinated with, or controlled by ISIL.

**Source:**   §§ 2339A(b)(1) and 2339B(h); Holder v. Humanitarian Law Project, 130 S. Ct. 2705, 2728, 2730 (2010); Charge of the Hon. John Gleeson, United States v. Medunjanin, 10 Cr. 19 (E.D.N.Y.), Tr. 2033, attached as Exhibit A; Charge of the Hon. Nicholas G. Garaufis, United States v. Pugh, 15 Cr. 116 (E.D.N.Y.), at 23-24, attached as Exhibit B.

**Defendant's Request to Charge No. 10: Count One, Second Element**

 With respect to the second element, the government must prove beyond a reasonable doubt that the defendant provided personnel to ISIL, and that at the time, ISIL had been designated a foreign terrorist organization by the United States Secretary of State.  I instruct you as a matter of law that ISIL has been so designated, and has been since 2004.

 It is not enough for the government to prove that Mr. El Gammal provided personnel to some terrorist organization in general.  Rather, the government must prove that Mr. El Gammal provided personnel to ISIL in particular.

**Source:**  § 2339B(a)(1) and 2339B(g)(6); Charge of the Hon. John Gleeson, United States v. Medunjanin, 10 Cr. 19 (E.D.N.Y.), Tr. 2033, attached as Exhibit A; Charge of the Hon. Nicholas G. Garaufis, United States v. Pugh, 15 Cr. 116 (E.D.N.Y.), at 24, attached as Exhibit B.

**Defendant's Request to Charge No. 11: Count One, Third Element**

With respect to the third element, the government must prove beyond a reasonable doubt that in providing personnel to ISIL, the defendant did so knowingly and intentionally.  I have already explained to you the definitions of those mental states, and you will follow those definitions here.

For this element to be satisfied, the government must prove beyond a reasonable doubt that Mr. El Gammal knew and intended that he was providing personnel to work under ISIL's direction or control, and that he was acting intentionally and voluntarily, not because of ignorance, mistake, accident, or carelessness.

In addition, the government must prove beyond a reasonable doubt any _one_ of three things:

- One, the defendant knew that ISIL had been designated as a foreign terrorist organization by the United States Secretary of State;
- Two, he knew that ISIL engaged in terrorist activity; or
- Three, he knew that ISIL engaged in terrorism.

Let me define those terms for you.

"Terrorist activity" includes hijacking or sabotage of an aircraft, vessel, vehicle, train or other conveyance; seizing, detaining or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do something or not do something; a violent attack upon an internationally protected person, including employees and officials of governments or international organizations; assassination; and the use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with the intent to endanger the safety of one or more individuals or to cause substantial damage to property.

"Terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by sub-national groups or clandestine agents.

Although proof beyond a reasonable doubt that the defendant knew one of these three things suffices, every juror must agree, unanimously, on which of the three things the government has proved.  In other words, if some but not all of you find beyond a reasonable doubt that the defendant knew that ISIL has been designated a foreign terrorist organization by the Secretary of State, and if some but not all of you find beyond a reasonable doubt that the defendant had knowledge that ISIL has engaged or

16

engaged in terrorist acts of the type I have listed, and some
not all of you find beyond a reasonable doubt that the
defendant had knowledge that ISIL had engaged or engages in
terrorism as I have defined it, then the government has not
established the defendant's knowledge, and you must find the
defendant not guilty on this count.   However, if you agree
unanimously that Mr. El Gammal had one of these three categories
of knowledge and acted voluntarily, the requirement that he
acted knowingly has been established by the government.

**Source:**   § 2339B(a)(1); 8 U.S.C. § 1182(a)(3)(B); 22 U.S.C.
§ 2656f(d)(2); Charge of the Hon. John Gleeson, United States v.
Medunjanin, 10 Cr. 19 (E.D.N.Y.), Tr. 2033-34, attached as
Exhibit A; Charge of the Hon. Nicholas G. Garaufis, United
States v. Pugh, 15 Cr. 116 (E.D.N.Y.), at 24-25, attached as
Exhibit B; Charge of the Hon. Robert W. Sweet, United States v.
Nayyar, 09 Cr. 1037 (RWS) (S.D.N.Y.), Tr. 689; United States v.
Al Kassar, 660 F.3d 108, 129 (2d Cir. 2011) (§ 2339B(a)(1)
"imposes two express scienter requirements: that the aid be
intentional and that the defendant know the organization he is
aiding is a terrorist organization or engages in acts of
terrorism.").

The defense anticipates that the above definitions can be
abbreviated to conform to the government's trial proof.

**Defendant's Request to Charge No. 12: Count One, Fourth Element**

    With respect to the fourth element, the government must prove beyond a reasonable doubt that the defendant is a U.S. citizen.

**Source:**   § 2339B(d)(1); 8 U.S.C. § 1101(a)(22); Charge of the Hon. John Gleeson, <u>United States v. Medunjanin</u>, 10 Cr. 19 (E.D.N.Y.), Tr. 2034, <u>attached as</u> Exhibit A.

**Defendant's Request to Charge No. 13: Count One: Aiding and Abetting**

The government has also charged, in Count One, that Mr. El Gammal aided and abetted the provision of personnel to ISIL. I have already explained the terms aiding and abetting. So, if you find beyond a reasonable doubt that another person committed this crime and that Mr. El Gammal aided and abetted that other person, you may find him guilty on that basis.

However, to convict Mr. El Gammal as an aider and abettor, you must find that he had prior knowledge that the other person would provide personnel to ISIL. That is, you must find that Mr. El Gammal knew that the other person would provide personnel to ISIL at a time when Mr. El Gammal could realistically have opted out of the crime. The government cannot prove the intent required for aiding and abetting if Mr. El Gammal learned that the other person would provide personnel to ISIL only after it was too late for Mr. El Gammal to realistically walk away.

**Source:**   Charge of the Hon. John Gleeson, United States v. Medunjanin, 10 Cr. 19 (JG) (E.D.N.Y.), Tr. 2034-35, attached as Exhibit A; Rosemond v. United States, 134 S. Ct. 1240, 1250-51 & n.10 (2014).

**Defendant's Request to Charge No. 14: First Amendment Rights**

The First Amendment to the United States Constitution protects the rights to freedom of speech and freedom of association.  The law prohibiting providing material support to foreign terrorist organizations may not be applied so as to abridge the exercise of those rights.

That is, as I have already instructed you, the law does not permit you to convict Mr. El Gammal for his political or religious beliefs, no matter how extreme you may find them.  Nor does the law permit you to convict Mr. El Gammal for being a member of an organization whose views you may disagree with, or for associating with people whose views you may find distasteful.  To repeat, the law does not prohibit independent advocacy on behalf of a terrorist organization, and people may freely say or write anything they want regarding such organizations.  The law does not prohibit being a member of a terrorist organization or associating with its members.  Only if the government proves, beyond a reasonable doubt, the elements that I have already explained to you may you find Mr. El Gammal guilty on this count.

**Source:**   § 2339B(i).

**Defendant's Request to Charge No. 15: Count Two**

I will instruct you next on Count Two, which charges the defendant with conspiring to provide material support to a designated foreign terrorist organization.

Specifically, Count Two of the indictment alleges that between 2014 and August 2015, the defendant and others knowingly and intentionally conspired to provide personnel to ISIL.  In plain English, Count Two alleges that Mr. El Gammal conspired with others to commit the crime charged in Count One, on which I just instructed you.

You may not find the defendant guilty of Count Two unless the government has proven beyond a reasonable doubt the following three elements:

First, that the charged conspiracy -- to provide personnel to work under ISIL's direction or control -- existed;

Second, that the defendant knowingly and willfully became a member of that charged conspiracy during the applicable time period, knowing that its goal was to provide personnel to work under ISIL's direction and control, and intending by his actions to help it achieve that goal, and knowing that ISIL was a designated terrorist organization or engaged in terrorist activity or terrorism;

Third, that the defendant is a citizen of the United States.

In addition, as with Count One, you must find that one of the conspirators undertook an act in furtherance of the conspiracy in the Southern District of New York.

**Source:** § 2339B(a)(1); 2339B(h); Charge of the Hon. John Gleeson, United States v. Medunjanin, 10 Cr. 19 (JG) (E.D.N.Y.). Tr. 2035-36, attached as Exhibit A; Charge of the Hon. Jed S. Rakoff, United States v. Gavarito-Garcia, 12 Cr. 839 (JSR) (S.D.N.Y.), Tr. 896, attached as Exhibit C; Sand 19-3S.

21

**Defendant's Request to Charge No. 16: Count Two, First Element**

With respect to the first element, the government must prove beyond a reasonable doubt the existence of the charged conspiracy.

A "conspiracy" is an agreement among two or more persons to achieve an unlawful object, in this case, to provide personnel to work under ISIL's direction or control.  To show a conspiratorial agreement, the Government is not required to prove that two or more people entered into a solemn pact, but only that two or more persons explicitly or implicitly came to an understanding to achieve the specified unlawful object, whether or not they were successful.  Also, it is not necessary for the Government to prove that the conspiracy lasted throughout the entire period alleged, that is 2014 to August 2015, but only that it existed for some time within that period.

**Source:** Sand 19-3S.

**Defendant's Request to Charge No. 17: Count Two, Second Element**

With respect to the second element, the government must prove beyond a reasonable doubt the defendant knowingly and willfully became a member of that charged conspiracy during the applicable time period, knowing that its goal was to provide personnel to work under ISIL's direction and control, and intending by his actions to help it achieve that goal.

With respect to the second element -- that the defendant knowingly and willfully joined and participated in the conspiracy -- to act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently, and to act "willfully" means to act purposely and with an intent to do something unlawful.  Thus, a defendant enters into a conspiracy "knowingly and willfully" if he joins and participates in the conspiracy with knowledge of, and the intent to further, its unlawful object.

As with Count One, to carry its burden on Count Two, the government must prove, beyond a reasonable doubt, that Mr. El Gammal joined the conspiracy knowing that its goal was to provide personnel to work under ISIL's direction or control. And the government must also prove that Mr. El Gammal knew that ISIL was a designated terrorist organization or engaged in terrorist activity or terrorism, as I have defined those terms. Again, it is not enough for the government to prove that Mr. El Gammal knew that the conspiracy's goal was to provide personnel to some terrorist organization in general.  Rather, the government must prove that Mr. El Gammal knew that the conspiracy's goal was to provide personnel to ISIL in particular, and that Mr. El Gammal joined the conspiracy intending to help it achieve that goal.

Mere association by a defendant with a conspirator does not itself make the defendant a member of the conspiracy even if he knows of the conspiracy.  In other words, knowledge is not enough; the defendant himself must intentionally participate in the conspiracy with the purpose of helping to achieve its unlawful object.  Similarly, merely being present at a place where criminal conduct is underway does not make a person a member of a conspiracy to engage in that criminal conduct.  This is true even if the person knows that a crime is being committed.  Similarly, the fact that a person, without knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy, does not make that person a conspirator.  More is required under law. What is required is that a defendant must have participated with

23

knowledge of the purpose of the conspiracy and with the intention of aiding in the accomplishment of that unlawful act.

**Source:**   Charge of the Hon. John Gleeson, <u>United States v. Medunjanin</u>, 10 Cr. 19 (JG) (E.D.N.Y.). Tr. 2029-30, <u>attached as</u> Exhibit A; Charge of the Hon. Jed S. Rakoff, <u>United States v. Gavarito-Garcia</u>, 12 Cr. 839 (JSR) (S.D.N.Y.), Tr. 891-94, <u>attached as</u> Exhibit C; Sand 19-3S.

**Defendant's Request to Charge No. 18: Count Two, Third Element**

With respect to the third element, the government must prove beyond a reasonable doubt that the defendant is a U.S. citizen.

**Source:**   § 2339B(d)(1); 8 U.S.C. § 1101(a)(22).

**Defendant's Request to Charge No. 19: First Amendment Rights**

The First Amendment to the United States Constitution protects the rights to freedom of speech and freedom of association.  The law prohibiting providing material support to foreign terrorist organizations may not be applied so as to abridge the exercise of those rights.

That is, as I have already instructed you, the law does not permit you to convict Mr. El Gammal for his political or religious beliefs, no matter how extreme you may find them.  Nor does the law permit you to convict Mr. El Gammal for being a member of an organization whose views you may disagree with, or for associating with people whose views you may find distasteful.  To repeat, the law does not prohibit independent advocacy on behalf of a terrorist organization, and people may freely say or write anything they want regarding such organizations.  The law does not prohibit being a member of a terrorist organization or associating with its members.  Only if the government proves, beyond a reasonable doubt, the elements that I have already explained to you may you find Mr. El Gammal guilty on this count.

**Source:**   § 2339B(i).

**Defendant's Request to Charge No. 20: Count Three**

I will instruct you next on Count Three, which charges the defendant with aiding and abetting the receipt of military-type training from a designated foreign terrorist organization.

Specifically, Count Three of the indictment alleges that between 2014 and August 2015, the defendant, together with others, knowingly and intentionally aided and abetted the receipt of military-type training from ISIL.  The defendant is not charged with receiving such training himself.

You may not find the defendant guilty of Count Three unless the government has proven beyond a reasonable doubt the following three elements:

First, that another person received military-type training from ISIL;

Second, that this person received this training knowingly and intentionally;

Third, that the defendant is a citizen of the United States; and

Fourth, that the defendant aided and abetted the other person's receipt of military-type training, in that, as I've already instructed you, the defendant intended to aid in the receipt of such training and undertook some act to aid in the completion of the crime.

In addition, as with Counts One and Two, you must find that either the defendant or the person he aided and abetted undertook an act in furtherance of the crime in the Southern District of New York.

**Source:**   § 2339D(a)(1), 2339D(b)(1); Charge of the Hon. John Gleeson, <u>United States v. Medunjanin</u>, 10 Cr. 19 (JG) (E.D.N.Y.), Tr. 2036-37, <u>attached as</u> Exhibit A.

**Defendant's Request to Charge No. 21: Count Three, First Element**

With respect to the first element, the government must prove beyond a reasonable doubt that a person other than Mr. El Gammal received military-type training from ISIL.

"Military-type training" includes training in means or methods that can cause death or serious bodily injury, destroy or damage property, or disrupt services to critical infrastructure, or training on the use, storage, production, or assembly of any explosive, firearm, or other weapon.

"Serious bodily injury" means bodily injury which involves a substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

"Critical infrastructure" means systems and assets vital to national defense, national security, economic security, public health or safety including both regional and national infrastructure.

As with Counts One and Two, the government must prove that this person received military-type training not from some terrorist organization in general, but from ISIL in particular.

**Source**:   § 2339D(a), 2339D(c)(1)-(3); 18 U.S.C. § 1365(h)(3).

**Defendant's Request to Charge No. 22: Count Three, Second Element**

With respect to the second element, the government must prove beyond a reasonable doubt that this other person received this training knowingly and intentionally, that is, knew that he was receiving training from ISIL, and knew that ISIL was a designated foreign terrorist organization, or engaged in terrorist activity or terrorism, as I have already defined those terms.

**Source:**   § 2339D(a); Charge of the Hon. John Gleeson, <u>United States v. Medunjanin</u>, 10 Cr. 19 (JG) (E.D.N.Y.), Tr. 2037, <u>attached as</u> Exhibit A.

**Defendant's Request to Charge No. 23: Count Three, Third Element**

    With respect to the third element, the government must prove beyond a reasonable doubt that the defendant is a U.S. citizen.

**Source:**    § 2339D(b)(1); 8 U.S.C. § 1101(a)(22).

**Defendant's Request to Charge No. 24: Count Three: Aiding and Abetting**

With respect to the fourth element, the government must prove beyond a reasonable doubt that the defendant aided and abetted the other person's receipt of military-type training, in that, as I've already instructed you, the defendant intended to facilitate the receipt of such training and undertook some act to facilitate the completion of the crime.

You must find that Mr. El Gammal knew that the other person would receive military-type training from ISIL in particular, and knew that ISIL was a designated foreign terrorist organization, or engaged in terrorist activity or terrorism, as I have already defined those terms.

To convict Mr. El Gammal as an aider and abettor, you must find that he had prior knowledge that the other person would receive military-type training from ISIL, not just join ISIL. That is, you must find that Mr. El Gammal knew that the other person would receive such training at a time when Mr. El Gammal could realistically have opted out of the crime.  The government cannot prove the intent required for aiding and abetting if Mr. El Gammal learned that the other person would receive such training only after it was too late for Mr. El Gammal to realistically walk away.

**Source:**   § 2339D(a); Charge of the Hon. John Gleeson, United States v. Medunjanin, 10 Cr. 19 (JG) (E.D.N.Y.), Tr. 2034-35, attached as Exhibit A; Rosemond v. United States, 134 S. Ct. 1240, 1250-51 & n.10 (2014).

31

**Defendant's Request to Charge No. 25: Count Four**

Finally, I will instruct you on Count Four, which charges the defendant with conspiracy to receive military-type training from a designated foreign terrorist organization.

Specifically, Count Four of the indictment alleges that between 2014 and August 2015, the defendant, together with others, knowingly conspired to receive military-type training from ISIL.

You may not find the defendant guilty of Count Three unless the government has proven beyond a reasonable doubt the following four elements:

First, that two or more persons entered into the unlawful agreement charged in the indictment;

Second, that the defendant knowingly and willfully became a member of the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

Fourth, that the overt act(s) which you find to have been committed was (were) committed to further some objective of the conspiracy.

In addition, as with Counts One, Two, and Three you must find that one of the conspirators undertook an act in furtherance of the conspiracy in the Southern District of New York.

**Source:**   § 2339D(a); 18 U.S.C. § 371; Sand 19-3.

**Defendant's Request to Charge No. 26: Count Four, First and Second Elements**

I have already discussed the elements of the crime of conspiracy.  To remind you, with respect to the first element, the government must prove beyond a reasonable doubt that two or more persons entered an agreement to receive military-type training from ISIL.  And with respect to the second element, the government must prove that Mr. El Gammal knowingly and willfully became a member of that charged conspiracy during the applicable time period, knowing that its goal was to receive military-type training from ISIL, and intending by his actions to help it achieve that goal.

**Source:**    § 2339D(a); 18 U.S.C. § 371; Sand 19-3S.

**Defendant's Request to Charge No. 27: Count Four, Third Element**

The third element which the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged.

The indictment charges that the following overt acts were committed: (to be listed in conformance with the government's trial proof)

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the indictment be proven.

Similarly, you need not find that the defendant in this case committed the overt act.  It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

You must, however, find that the overt act occurred while the conspiracy was still in existence.

Finally, you must find that either the agreement was formed or that an overt act was committed in the Southern District of New York, which includes Manhattan, Bronx, Westchester, Dutchess, and Orange counties.

**Source:**   Sand 19-7.

**Defendant's Request to Charge No. 28: Count Four, Fourth Element**

The fourth, and final, element which the government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement, that, receiving military-type training from ISIL.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment.  In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which, in and of itself is criminal or constitutes an objective of the conspiracy.

**Source:**   Sand 19-8.

Dated:      New York, New York
            October 3, 2016

                          Respectfully submitted,
                          Federal Defenders of New York

                          /s/
                          Daniel Habib, Esq.
                          Annalisa Miron, Esq.
                          Sabrina Shroff, Esq.
                          Attorneys for Defendant
                             **Ahmed Mohammed El Gammal**
                          52 Duane Street - 10th Floor
                          New York, NY 10007
                          Tel.: (212) 417-8769